### BUCK GARDNER v. THE STATE.

No. 5006.   Decided February 19, 1919.

**1.—Theft of Goats—Recent Possession—Charge of Court.**

Where, upon trial of theft of goats, defendant's possession thereof having been fully and definitely explained by the State, in a manner which showed that he was not present at their taking and took no part in the actual theft, his theft of them could not be inferred from such possession, and the court's charge on this phase of the case was error. Following Lincoln v. Franks, 102 U. S., 1189.

**2.—Same—Accustomed Range—Charge of Court.**

Where, upon trial of theft of goats, aside from proof of evidence of the habit of goats to stray sometimes from their accustomed range, there was no

evidence that the goats in question had strayed from their range, and the charge assuming this to be the fact is error.

### 3.—Same—Second Taking—Practice on Appeal—Rehearing.

Where, upon trial of theft of goats, it was insisted by the State on rehearing that under the evidence two separate and distinct takings of the alleged stolen property were shown, and if the defendant be not guilty under the original taking the facts, nevertheless, showed him to be guilty under a second taking, which would somewhat modify the original opinion but it appeared from the record on appeal that the case was not tried upon this theory, there was no reversible error.

### 4.—Same—Rule Stated—Second Taking.

The rule is that there may be two separate and distinct unlawful takings of property so as to make two separate offenses. Following Taylor v. State, 62 Texas Crim. Rep., 611. But if the State relies upon either of said takings such theory should pertinently be submitted.

Appeal from the District Court of Edwards. Tried below before the Hon. James Cornell.

Appeal from a conviction of theft of goats; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. E. Aikin* and *Will A. Morriss,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, and *W. C. Linden,* for the State.—Cited Sowell v. State, 32 Texas Crim. Rep., 482; James v. State, 24 S. W. Rep., 642.

MORROW, JUDGE.—The conviction was for theft of goats. The appellant was in possession of a ranch containing several sections of land which was enclosed with a pasture fence, and running at large in the pasture was his herd of four thousand goats. Ira Kuykendall also owned a herd of about eight thousand goats in his pasture situated about fifteen miles distant from that of appellant. He lost about seventy head of his goats between the first and the middle of June, 1917. They were missed from his pasture and on August 20th of the same year thirty-two of his goats were found in the herd of appellant. There is evidence that about the first of July, 1917, appellant, anticipating an inspection of his herd of goats, caused about one hundred and fifty of the goats of various brands, which were described as strays, cut out of his herd and put in another pasture. Some of the goats in this lot had Kuykendall's brand on them, his brand and that of appellant being quite similar, one being what is denominated as a "T" cross and the other an "H." The identification of the goats was by the brands.

A witness for the State by the name of Thomas testified that he had had a conversation with appellant in which appellant told him, in substance, that if he did not put some goats in his pasture that he, appellant, was going to appear against him in court. Witness was under charge of theft of other goats. This witness testified that subsequently

he and a witness by the name of Davidson stole about seventy goats from Kuykendall's pasture and that he, the witness, put them in appellant's pasture. There was evidence that appellant had stated he had bought some goats from Kuykendall.

The indictment contained three counts; one charging appellant as an accomplice, one charging him with fraudulently receiving stolen property, and one charging theft. The court submitted the law of circumstantial evidence and gave a charge in substance as follows: Goats upon their accustomed range are in contemplation of law in possession of their owner, and though they may have strayed from their accustomed range they are still in contemplation of law in the possession of the owner thereof. Likewise goats which may have been taken from the possession of the owner and later abandoned by the person or persons taking are yet in contemplation of law in possession of the owner. This charge is complained of as touching an issue or issues not raised by the evidence. It is also seriously insisted that while there was evidence supporting the charge of accomplice and of fraudulently receiving stolen property that the evidence fails to support the finding of the jury convicting the appellant of theft. The law of principals was not submitted and not involved. It is insisted, however, that the evidence alluded to in which appellant caused the cutting out of his herd goats which did not belong to him before their inspection constituted a conscious possession of recently stolen property from which the jury was authorized to draw the inferences necessary to sustain the charge of theft. Granting that the facts mentioned constituted proof of the possession of recently stolen property which unexplained might, with the other evidence, justify the inference mentioned, these inferences or presumption of fact are met by the direct proof introduced by the State through its own witnesses explaining that the goats came into the possession of appellant through the instrumentality of Thomas and Davidson, who stole them from Kuykendall's herd. The inferences are also met by appellant's explanation, testified to by one of the witnesses, that he obtained the goats from Thomas. His possession of the goats having been fully and definitely explained by the State, in a manner which showed that he was not present at their taking and took no part in the actual theft, his theft of them could not be inferred from such possession. See Lincoln v. Franks, 102 U. S. Sup. Ct., 1189.

Adverting to the charge instructing the jury with reference to the possession of goats strayed from their accustomed range, we infer that the trial court submitted the issue of theft on the theory that Kuykendall's goats might have strayed from his range some fifteen miles distant from that of appellant and been placed by appellant among his own goats, or that Thomas and Davidson after taking the goats from Kuykendall's pasture had abandoned them and they had come through appellant's act into his possession, and on this theory to have given the charge referred to. There is some evidence to suggest that goats sometimes stray from their accustomed range, but aside from proof or evidence of this habit, we

find none that the goats ·in question had strayed from Kuykendall's pasture and none that they had been abandoned by Thomas. We therefore think that the complaint of appellant that the paragraph of the charge mentioned was not based upon the evidence is a just one, and will say that unless evidence on another trial shall be more cogent tending to show appellant's connection with the taking of the goats that the issue should not be submitted at all.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON REHEARING.

#### February 19, 1919.

LATTIMORE, JUDGE.—This case comes before this court upon the State's motion for a rehearing.

For the first time, as far as we can tell from the record, it is insisted in the motion for a rehearing, that under the evidence two separate and distinct takings of the alleged stolen property were shown, and that if the appellant be not guilty under the original taking, that the facts nevertheless show him to be guilty under a taking of the property in question after same had been taken originally by the confederate or confederates of the appellant, and by them either abandoned or left in some place, not shown by the evidence, from which the appellant procured them. The case was not tried in the court below apparently upon any such theory as this and it is possible that upon another trial the State may be able to develop this feature of its case more fully, or the proposition of connecting the appellant with the original taking.

The former opinion of this court will be modified, in view of the State's contention that the evidence is sufficient to show appellant's connection with what it denominates the second taking of the property, and that portion of said opinion which states substantially that unless the evidence on another trial shall be more cogent tending to show appellant's connection with the taking of the goats, that the issue should not be submitted at all, may be regarded as excluded from said opinion.

There is no question, under the decisions of this court, but that there may be two separate and distinct unlawful takings of property so as to make two separate offenses. Trimble v. State, 33 Texas Crim. Rep., 397; Taylor v. State, 62 Texas Crim. Rep., 611. If the State relies upon either the first or any subsequent taking of the property such theory should be pertinently submitted to the jury and decided under appropriate instructions.

The motion for rehearing is overruled.

*Overruled.*