Albert Taylor v. The State.

No. 980. Decided March 15, 1911.

Rehearing Denied June 21, 1911.

1.—Theft of Cattle—Indictment—Want of Consent.

Where, upon trial of theft of cattle, there was a specific allegation in the indictment that the property was taken without the consent of each of the two owners alleged in the indictment, the same was sufficient without the further allegation that the taking was without the consent of either of them.

**2.—Same—Ownership—Special Owner.**

Where, upon trial of theft of cattle, the evidence showed that the alleged owners were in actual control and management of the cattle on the range by authority of the actual owner, the allegation of ownership in the indictment was sufficiently sustained.

**3.—Same—Evidence—Brand—Memorandum.**

Where, upon trial of theft of cattle, the State's witness had already testified to the mark and brand he found on the alleged stolen animal, there was no error in permitting him to further testify that at the time he and others examined the brand on said animal that he made a memorandum of the mark and brand and handed it to the district attorney, who offered it in evidence.

**4.—Same—Evidence—Identification.**

Where, upon trial of theft of cattle, the State had shown that defendant sold the alleged animal to the witness testifying, there was no error in permitting said witness to further testify that he had shown the alleged animal he had purchased from the defendant to another party, which testimony was connected up with the testimony of said party and other witnesses as to the identity of the animal.

**5.—Same—Evidence—Handwriting.**

Upon trial of theft of cattle, where defendant claimed that he had purchased the alleged stolen animal and introduced a bill of sale, there was no error in permitting the State to introduce in evidence a certain road petition which the alleged grantor of the bill of sale had signed, and permit a comparison of handwriting by an expert.

**6.—Same—Evidence—Opinion of Witness.**

On trial of theft of cattle there was no error in rejecting witness' understanding as to what a third party had told him.

**7.—Same—Evidence—Bill of Sale.**

On trial of theft of cattle there was no error in rejecting testimony as to a bill of sale signed by the wife of defendant's alleged vendor, and relating to different transactions, and which was not in the handwriting of said vendor.

**8.—Same—Bill of Exceptions—Statement of Facts—Practice on Appeal.**

While bills of exception may be reserved in a statement of facts, such bills must be separately approved by the court, and where the certificate of approval was limited to the approval of the statement of facts and did not include bills of exception in said statement of facts, the bills could not be considered on appeal.

**9.—Same—Charge of Court—Circumstantial Evidence—Taking.**

Where, upon trial of theft of cattle, the defendant contended that if he changed the brand on the alleged animal on the range that this would constitute the original taking, and that the fact that he was subsequently seen driving it from its accustomed range was but a circumstance to be considered in determining whether or not he was the person who branded the animal, and that the court should have charged on circumstantial evidence. Held, that defendant not requesting any special instruction there was no error under article 723, Code Criminal Procedure; besides the defendant's act of taking said animal from its accustomed range was an offense in itself, and constituted a new theft.

**10.—Same—Charge of Court—Circumstantial Evidence.**

Where, upon trial of theft of cattle, the defendant admitted that he took the alleged stolen animal from its accustomed range, basing his defense on an alleged purchase, there was no error in the court's failure to charge on circumstantial evidence.

**11.—Same—Charge of Court—Purchase—Reasonable Doubt.**

Where, upon trial of theft of cattle, the court not only submitted defend-

ant's claim of purchase but instructed the jury that if on the whole case they had a reasonable doubt of defendant's guilt, to acquit him, there was no error.

### 12.—Same—Bills of Exception—Identity of Stolen Animal—Brand.

Where, upon appeal from a conviction of theft of cattle, appellant reserved his bill of exceptions in the statement of facts, but the judge so limited his approval of the statement of facts as to exclude the idea that he was approving the bills therein contained, the same could not be considered on appeal, besides as the rejected testimony was with reference to the brand on the alleged animal and the identity of said animal was proved by other testimony there was no error.

### 13.—Same—Ownership—Possession.

Where the issue of ownership was not raised in the evidence on trial, but was raised for the first time in appellant's brief, it could not be considered on appeal; besides the evidence was ample to support the finding of the jury that the persons alleged in the indictment were the special owners of the alleged stolen animal.

Appeal from the District Court of Liberty. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*E. T. Branch* and *Stevens & Pickett,* for appellant.—Upon question of reserving bills of exception in statement of facts: Cooper v. State, 7 Texas Crim. App., 194; Castanedo v. State, 7 Texas Crim. App., 583; McWhorter v. State, 13 Texas Crim. App., 523; Rule 56, District Court; Martin v. State, 47 Texas Crim. Rep., 174; Stephens v. State, 49 Texas Crim. Rep., 489; Coffman v. State, 51 Texas Crim. Rep., 479; Benson v. State, id., 367; Mendias v. State, id., 501; Johnson v. State, 52 Texas Crim. Rep., 202; Cox v. State, 60 Texas Crim. Rep., 471, 132 S. W. Rep., 125; Home Circle Society v. Shelton, 85 S. W. Rep., 322; District Court Rule 55; Stephens v. Herron, 99 Texas, 63, 87 S. W. Rep., 326; Kansas City S. Ry. Co. v. Rosebrook, 114 S. W. Rep., 436.

As to question of brand on animal: Steed v. State, 43 Texas Crim. Rep., 567; Massey v. State, 31 Texas Crim. Rep., 91; Reese v. State, 43 Texas Crim. Rep., 539.

As to court's failure to charge on circumstantial evidence and original taking of animal: Goode v. State, 120 S. W. Rep., 199; Arismendis v. State, 54 S. W. Rep., 601; Taylor v. State, 27 Texas Crim. App., 463; Moore v. State, 8 Texas Crim. App., 496; Bird v. State, 16 Texas Crim. App., 528; Black v. State, 41 S. W. Rep., 606.

On question of ownership and possession: Bailey v. State, 18 Texas Crim. App., 426; Littleton v. State, 20 Texas Crim. App., 168; Hawkins v. State, 20 S. W. Rep., 830; Bryan v. State, 54 Texas Crim. Rep., 59; Frazier v. State, 18 Texas Crim. App., 434.

On question of insufficiency of indictment: Taylor v. State, 18 Texas Crim. App., 489.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted charged with theft of cattle, and upon a trial he was convicted and his punishment assessed at two years confinement in the penitentiary.

1. The first question presented in appellant's brief is that the indictment should be quashed, the indictment alleging that the one head of cattle was the property of John Brown and L. Carr. It is insisted the indictment should have alleged that the property was taken without the consent of John Brown, and without the consent of L. Carr, *or either of them.* We do not think the motion is well taken. When the allegation is that the property was taken without the consent of Brown and without the consent of Carr, no additional allegation as to want of consent is necessary. Williams v. State, 19 Texas Crim. App., 276. The cases cited by appellant are not applicable in that in those cases it was not alleged that property was taken without the consent of each of the alleged owners. In this indictment the allegation is specific that the property was taken without the consent of each of them.

2. Appellant complains that the proof does not show that the property was in possession of the alleged owners, and if so, their control was not such that ownership could be alleged in them. The proof is that the cattle were the property of Sarason Guedry. The ownership is alleged in John Brown and L. Carr. Harb Whittington testified: "John Brown and L. Carr had charge of Guedry's cattle." L. Carr testified: "I have charge of Sarason Guedry's cattle. There is someone assisting me and in charge, also; it is John Brown." John Brown testified: "I have charge of Sarason Guedry's cattle. After I came down there me and L. Carr had charge of them." They were cattle on the range, and the owner had these gentlemen in charge of them, looking after them, branding the increase, etc. They testified that neither of them gave their consent to defendant taking the property. This question is fully discussed in Littleton v. State, 20 Texas Crim. App., 168, and in Bailey v. State, 18 Texas Crim. App., 426. In the Littleton case the cattle were taken from the range, and Hue Haby was in charge of them. The indictment alleged the ownership and possession in Huegele, the real owner. Judge Hurt, in an extensive opinion, reverses the case, because of this and holds that the ownership and possession should have been alleged in Haby, or the ownership in Huegele and possession in Haby.

3. In appellant's bill of exceptions No. 1 he complains that while John Brown, witness for the State, was testifying he stated that at the time he and others examined the brand on the cow in question; he made a memorandum of the mark and brand found on the animal, and thereupon handed this memorandum to the district attorney, who offered it in evidence, to which defendant objected, because the same was a private memorandum and made at a time when the defendant

had no opportunity to cross-examine the witness. The court, in approving the bill, says the witness had already testified to the mark and brand he found on the cow, and his testimony corresponded with the exhibit. The court did not err in admitting the testimony. The defendant at the time had an opportunity to cross-examine the witness, and he did so vigorously, and if pictures of scenes, etc., are admissible, we can see no reason why the testimony of a witness who testifies that he made an exact copy of the brand on the cow is not admissible. It has been frequently held by this court that hides with the brand on them are admissible in evidence in cases of theft.

4. In bill of exceptions No. 2 defendant complains, after the testimony had shown that defendant sold the animal in question to George Fairchilds, that Fairchilds was permitted to testify that he had shown the cow he purchased from defendant to Harb Whittington. This was followed up by testimony from Whittington, Canter, Carr and Brown, rendering the testimony very material, in that this was the cow that is alleged to have been stolen and identified by a portion of the witnesses as Guedry's cow, and which animal Fairchilds testified he purchased from defendant.

5. In his third bill of exceptions defendant complains of the action of the court in admitting in evidence a road petition signed by C. K. Lampert. Defendant claimed that he had purchased the alleged stolen animal from C. K. Lampert, and introduced in evidence a bill of sale with his name signed to it, as evidence if the animal was stolen Lampert was the thief. Lampert was shown to have other charges against him, and had gone to parts unknown. Fairchilds testified that he circulated the road petition; that he knew C. K. Lampert, and that he saw him (Lampert) sign his name to the petition. W. J. Ziess, a bank cashier, qualified as an expert, and testified that the man who signed the bill of sale to defendant did not sign the road petition, that both signatures were not written by the same man. The road petition was admissible.

6. Defendant's bill of exceptions No. 4 complains of the action of the court in refusing to permit him to prove by the witness Warren what Lampert had told the witness, and what the witness' understanding was from what Lampert had told him. The witness' "understanding" would certainly not be admissible, and what Lampert told him would be hearsay. It is not shown to have had any connection with the animal alleged to have been stolen.

7. In defendant's fifth bill of exceptions he complains of the action of the court in refusing to permit him to introduce a bill of sale to James Casey to some hogs. The bill of sale is shown to have been signed by Chas. Lampert, per Mrs. C. K. Lampert. The bill of sale is shown not to have been written by Lampert, but by his wife, and is inadmissible for any purpose. The defendant does not claim that it is Lampert's handwriting, nor that it was signed by

him, and it could not and would not tend to prove any issue in the case.

8. These are all the bills of exception in the record, reserved in the usual form, and approved by the judge. But in the brief appellant seeks to assign errors on objections to the testimony not preserved in bills, referring to the statement of facts filed herein. The judge in approving the statement of facts limits his approval as a statement of facts, and we can not consider bills of exception not bearing the signature of the trial judge. Defendant probably apprehended this fact by reserving the above bills of exception. The other questions raised in regard to the introduction of evidence, we can not consider, as they are not authenticated by the trial judge. See article 724 of the Code of Criminal Procedure, and the authorities cited in sections 860 and 861 thereunder in White's Annotated Code of Criminal Procedure.

9. Defendant contends that if the animal was originally branded in Guedry's brand and was in charge of Brown and Carr, that prior to the time he was seen driving it from its range, that the brand had been changed and that in changing the brand such person must have reduced it to possession, and the theft would not be from Brown and Carr, but from the person who had altered the brand. This contention is not sound. In the case of Trimble v. State, 33 Texas Crim. Rep., 400, Judge Davidson correctly holds: "The hogs were placed in the pen built by appellant and afterwards escaped. If they entirely escaped from the control of their captors, in law they would be in the possession of the owner again. In such state of case a second taking would be a fresh larceny, and the taker could be punished therefor." So in this case, if some person did capture the animal, and change the brand, and then turn her loose on her accustomed range, she would again be in her owner's possession, and if the defendant then took her and appropriated her to his own use, it would be theft from the owner.

10. Defendant complains that the court erred in not charging on circumstantial evidence. The testimony shows the animal to have been Guedry's, if the State's theory was believed. Brown and Carr were in charge of Guedry's cattle. Canter swears he saw defendant driving her from her accustomed range. Fairchilds swears he bought the cow from defendant. Defendant admits he took the cow from her accustomed range and sold her to Fairchilds, basing his defense on an alleged purchase from Lampert. The court did not err in not charging on circumstantial evidence.

11. The defendant complains of the charge of the court, in that he says that the court limits his defense to a purchase from Lampert. The court charged the jury: "You are further charged that if you find and believe from the evidence that the animal in question (the red heifer about which the witnesses speak and which defendant sold to George Fairchilds) was purchased or obtained by the defendant of

one Lampert, then you will acquit defendant, no matter what the other facts of the case may be, or if upon this point, that is, as to whether the defendant purchased or obtained said animal from one Lampert, you entertain a reasonable doubt, you will solve the doubt in favor of defendant and acquit him and say by your verdict not guilty." This presents admirably defendant's defense as made by his testimony, but the court went further and instructed the jury that if on the whole case they had a reasonable doubt as to defendant's guilt they would acquit him. Defendant requested no special instructions. The bills of exception present no error. The evidence amply supports the verdict and the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### June 21, 1911.

HARPER, JUDGE.—On a former day of this term this case was affirmed, and appellant has filed a motion for a rehearing. In the first ground he complains bitterly of the eighth paragraph of the original opinion, in which we did not consider a bill of exceptions that appellant claims to have reserved in the statement of facts, and citing us to a number of cases holding that bills of exception can be reserved in a statement of facts. This we concede, and was conceded in the original opinion, but bills of exception, whether in a statement of facts or in separate bills, must be approved by the court. In this instance the court limited his approval in the following language: "The foregoing forty pages having been submitted to me and after having examined same I hereby approve same as a true and correct transcript of the evidence adduced on the trial of the above cause, and order same filed with the records in this cause as the statement of facts herein."

In speaking of reserving bills of exception in a statement of facts this court held in Blackwell v. State, 33 Texas Crim. Rep., 278, speaking through our presiding judge: "While bills reserved to the admission of evidence may be so preserved, the refusal of the court to do so would not be cause for reversal. The defendant may prepare his bills otherwise, and if refused by the court they can be proved up by bystanders under the statute. The defendant is not left without remedy in regard to bills of exception. Rev. Stats., articles 1358-1367."

We have no reason to know why the judge so limited his approval as to exclude the idea that he was approving the bills therein contained, but as said in the Blackwell case, supra, the defendant was not left without remedy, and in three other instances where the objections and exceptions appear in the record in this case, the defendant did pursue his remedy and bring the questions before us in separate bills approved by the judge. In Moss v. State, 39 Texas Crim. Rep., 3, this court held that "Bills of exception not approved by the trial judge

will not be considered on appeal," and while the rules adopted by the Supreme Court authorize bills of exception to be preserved in a statement of facts as well as by a separate bill, yet it has never been held that any character of bill not approved by the trial judge would be considered on appeal, and if a person elects to preserve his bills of exception in a statement of facts, it must be evident that the trial judge in his approval of the record did so with the knowledge that it was being done, for if the bills are thus brought up and the approval of the record shows that he did not so intend, and limited his approval as a statement of facts alone, the bills will not be considered by us. However, if we were to consider the matter complained of as a bill of exceptions, no such error as would cause a reversal of this case would appear. The objection was to the admissibility of the record of Sarason Guedry's brand, because the record did not show on what part of the animal it was to be placed. When the witness George Fairchilds was on the stand, the defendant made the following proof by him:

"I know the Guedry brand C. I. cross or bar. As to whether that letter 'I' is put in that circle a long 'I' or a dot, well on most of them it is a dot right on the inside of the 'C.' I do not know whether it is run or put on with a rod, made the brand with a rod; I suppose you can make it either way, run it or have a brand either I guess. When I bought it that cow had Guedry's brand on. it. I know Guedry's brand."

The State had asked this witness no question in regard to the matter. And while the witness L. Carr was on the stand the defendant objected to him testifying about the brand, when the court in ruling remarked: "You brought it out on cross-examination." The State did not depend on the brand as proof of ownership, but Day Canter testified: "That (the brand) was not the way I base my idea that it was Guedry's cow. I knew the cow." So if the bill should be considered, no such error is presented as should cause a reversal of the case.

In Rogers v. State, 26 Texas Crim. App., 404, it is held that the erroneous admission of evidence is not cause for reversal if the same fact was proven by other testimony not objected to.

Defendant insists also that in the ninth paragraph the court misunderstood the position of appellant, and that the proposition submitted by appellant was that the theft took place at the time the brand was changed, and if appellant changed the brand, this was the original taking, and the fact that he was subsequently seen driving it from its accustomed range is but a circumstance to be considered in determining whether or not he is the person who stole the animal from Brown and Carr, and the court should have charged on circumstantial evidence. Appellant requested no special instruction in regard to this matter, and article 723 of the Code of Criminal Procedure provides that in case such error is committed by omission and it was not

calculated to injure appellant, it would not be cause for reversal, and if the taking really took place when the brand was changed, if appellant did the branding, the error, if any, would be harmless. Appellant's contention that he got the animal from Lampert was fully presented to the jury, and they found against his contention. But we do not place our opinion on that ground. If one takes the animal of another and brands it and then leaves it on its accustomed range, while he might be guilty of an offense, the owner is deprived of no property. As said by Judge Davidson in Trimble case, quoted in the original opinion, if the animal escaped after being taken, it would again be in the owner's possession. And so in this case, if the animal after being branded escaped and returned to its accustomed range, it would be a fresh theft, and Canter testified he saw appellant driving this animal from its accustomed range.

Another contention made by appellant in the motion for a rehearing is that the court erred in holding that the evidence was sufficient to support a finding that Brown and Carr were the owners of the animal, in that the evidence showed it was Guedry's property, and that the evidence merely showed that Brown and Carr had charge of Guedry's cattle running on that range, and did not show the specific time when they had charge of the cattle; that *had* means past. No such fine spun distinction was assigned as error in the motion for a new trial. The only ground in the motion for new trial relating to this matter is the twelfth, which reads as follows:

"The court erred in instructing the jury to convict the defendant if they believed he fraudulently took from the possession of Brown and Carr one head of cattle, and that said Brown and Carr were at the time the owners of said cattle, or were in the care and control of the same, because such instruction permitted the jury in the light of the evidence to convict the defendant if they believed that the animal belonged to Brown and Carr, whereas the State never contended that the animal belonged to Brown and Carr, but on the contrary, undertook to show that one Guedry was the owner of the animal and that the brand of Guedry had been defaced and changed into the brand which the defendant contended he had purchased, and the evidence having further shown that there was doubt as to what the original brand on the animal was, even if the same had been defaced. Hence, this instruction as to the ownership of Brown and Carr permitted the jury to convict the defendant, although they should find that the animal was not the property of Guedry."

Such an issue as presented in this assignment was not raised in the evidence. Brown and Carr did not claim to be actual owners of the animal, but only to have the care, custody and control of it for Guedry. No witness suggested even that they were the actual owners. An issue not raised by the evidence should not be submitted, and while the question passed on in paragraph two of the opinion was raised in appellant's brief, it was not presented in the motion for a new trial,

and should not have been considered by us.   However, the evidence is ample to support the finding that Brown and Carr were the special owners of the cow under the decision of this court.   In addition to the authorities cited in the original opinion see Tinney v. State, 24 Texas Crim. App., 112, and authorities there cited, and McMullen v. State, 59 S. W. Rep., 891, in which Judge Davidson discusses this question.

The motion for rehearing is overruled.

*Overruled.*