Johnny Logan **HICKS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44889.

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

Kenneth Pounds, Hurst, (Appointed on Appeal), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation. On May 20, 1970, the appellant entered a plea of guilty to the indictment charging the offense of theft over $50, and his punishment was assessed at confinement in the Department of Corrections for five (5) years, and it was further ordered that he be placed upon probation upon certain conditions, one of which was that he commit no offense against the laws of the State or any other State of the United States.

On January 28, 1971, a motion to revoke probation was filed by the Criminal District Attorney alleging the appellant had violated such conditions of his probation. In the motion it alleged that on August 9, 1970, the appellant in the County of Tarrant, State of Texas, did then and there by using and exhibiting a firearm, to-wit, a pistol, made an assault upon Vernice Taylor by the use and exhibition of said pistol put the said Vernice Taylor in fear of life and bodily injury and did then and there fraudulently and against the will and without the consent of Vernice Taylor take personal property from the person and possession of Vernice Taylor, to-wit, money.

After notice and hearing, the Court entered its order revoking the probation upon a finding set out in the order "that the Defendant had committed another offense against the laws of the State, to-wit, Robbery by Firearms on August 19, 1970, in Tarrant County, Texas."

Appellant's court appointed attorney has diligently and conscientiously studied the record on appeal and has concluded that the appeal is wholly frivolous and without merit.

In accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, Sirls v. State, 432 S.W.2d 902, and Gainous v. State, Tex.Cr.App., 436 S.W.2d 137, appellant's court appointed attorney submits on request of appellant the following which might be considered arguable in support of his appeal. Such contention is that the trial judge abused his discretion in revoking probation in that the evidence was insufficient to support the order of revocation.

The record reflects that the appellant gave a voluntary confession to the commission of this offense which was introduced in evidence. Even an uncorroborated confession of a probationer constitutes sufficient evidence for a court to revoke probation. De Leon v. State, Tex.Crim.App., 466 S.W.2d 573, and cases cited therein.

The State also proved that on January 19, 1971, appellant entered a voluntary plea of guilty in the Criminal District Court No. 1 of Tarrant County to the offense of robbing Vernice Taylor. The trial judge did not abuse his discretion in revoking probation.

The judgment is affirmed.