Walter Josh MANN, Appellant,

v.

The STATE of Texas, Appellee.

No. 45876.

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

See also, Tex.Cr.App., 485 S.W.2d 555.

Franklin & Franklin by Arnold W. Franklin, Jourdanton, for appellant.

J. Taylor Brite, Dist. Atty., Robert C. Koehl, Asst. Dist. Atty., Jourdanton, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On September 30, 1968, after entering a plea of guilty, appellant was convicted of the offense of theft. His punishment was assessed by the court at five years, probated. One of the conditions of his probation was that he commit no offense against the laws of this or any other state or the United States.

On August 31, 1971, a motion to revoke probation was filed. It alleged that on June 25, 1970, appellant received and concealed stolen property. A hearing on the motion to revoke was held on November 9, 1971.

The record shows that on June 25, 1970, appellant received from Roy Reeves $5,000 and that appellant concealed this money. It is further shown that this money belonged to Alma Mann and that it had been acquired in such manner that the acquisition constituted theft.

The appellant contends that since the revocation was based solely upon evidence adduced at a trial tantamount to convicting the appellant of a felony, he was tried and convicted of these offenses without the benefit of a jury in violation of his constitutional and statutory right to trial by jury. Appellant relies on Fariss v. Tipps, 463 S.W.2d 176 (Tex.Sup.Ct.1971), where it was held that Fariss was entitled to the constitutional right of a speedy trial or hearing on a revocation of probation proceeding. Fariss v. Tipps, supra, is not applicable.

The identical contention was decided adversely to appellant's claim in Harris v. State, Tex.Cr.App., 486 S.W.2d 317, and in Hood v. State, Tex.Cr.App., 458 S.W.2d 662.

Next, appellant challenges the sufficiency of the evidence. He argues that since the

only evidence is that of his accomplice, Roy Reeves, and since Reeves' testimony is uncorroborated, the evidence is insufficient.

 This Court has consistently held that the provisions of Article 38.14, V.A.C.C.P., which provide that accomplice testimony alone is insufficient to support a conviction, are not applicable to revocation of probation hearings and that a revocation of probation order may be based upon the uncorroborated testimony of an accomplice witness. Moreno v. State, Tex.Cr.App., 476 S.W.2d 684, and cases cited therein.

There being no abuse of discretion, the order revoking probation and the judgment are affirmed.