330 A.2d 400.

STATE *vs.* STEVEN R. WELCH.

JANUARY 15, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Paolino, J. On January 5, 1973, the defendant pleaded nolo to Indictment No. 72-61, which charged him with possession of a narcotic drug. He was put on probation for 2 years.

On February 8, 1974, he again appeared before the Superior Court to determine whether he had violated the terms of his probation. Sometime after he was put on probation he was indicted on two charges, one for possession and the other for sale of cannabis.

At the February 8, 1974 revocation hearing the state presented Detective William J. Lynch of the Rhode Island State Police as a witness. His testimony is in substance as follows. In November 1973, he was serving in an undercover capacity in the Newport area. On November 14, 1973, while in a certain parking lot, he was approached

by a man known as Rick Welch, the brother of defendant, and a conversation ensued concerning the purchase and sale of marijuana. An arrangement for the sale was made between Detective Lynch and defendant. Detective Lynch purchased 1 ounce of suspected marijuana from defendant for the sum of $20. He testified that the suspected substance was taken to the State Toxicologist's Office for examination and that the report submitted to the state police by the State Toxicologist's Office revealed the presence of marijuana.

The trial justice found that defendant had violated the terms of his probation and for such violation sentenced him to serve a term of 2 years at the Adult Correctional Institutions on Indictment No. 72-61. At the same hearing defendant pleaded nolo contendere to the two-count indictment which had recently been returned by the grand jury and which was the basis for the revocation hearing and subsequent finding that defendant was a violator. The defendant was given 4 years at the Adult Correctional Institutions for the count charging a sale of cannabis, sentence suspended, and probation for 6 years after his release from the Adult Correctional Institutions. On the count for possession he was given a deferred sentence.

The case is before us on defendant's appeal from the judgment of conviction and commitment entered on February 8, 1974.

I

We address ourselves first to defendant's argument that his due process rights were violated. We find no merit in this argument. We are convinced after a careful examination of the record that defendant had all the due process rights discussed in *O'Neill* v. *Sharkey,* 107 R. I. 524, 268 A.2d 720 (1970); *Walker* v. *Langlo`s,* 104 R. I. 274, 243 A.2d 733 (1968), and *Morrissey* v. *Brewer,* 408 U. S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The defendant was

given written notice of the alleged violation. The evidence against him was disclosed, and he had the opportunity to be heard in person and to present witnesses and documentary evidence if he so chose. He also had the right to confront and cross-examine adverse witnesses. His hearing was before a neutral and detached tribunal, and there was a written statement of the factfinder as to the evidence relied on and the reasons for the revocation. While defendant claims that he had witnesses at the hearing available to testify in his behalf, the record indicates that defendant never called them. While defendant changed his position after sentence was imposed, at the time of the hearing he and his counsel made the decision not to call any witnesses. The defendant must live with that tactical decision.

In *Mitchell* v. *United States*, 259 F.2d 787 (D.C. Cir. 1958), the court has aptly stated the simple factual decisions a defendant and his counsel must make and live with:

> "Trial counsel must make many decisions of an almost infinite variety in the course of a criminal trial: whether to advise a plea to a lesser offense; whether to object; whether to offer a witness of possibly doubtful credibility or with a criminal record; whether to risk crystallizing the view of the judge at that point by a motion for directed verdict before the defense testimony is in; whether to advise the defendant to take the stand and subject himself to cross-examination; how to argue the case to the jury; whether to advise the defendant not to go to trial at all but rather to rely upon the mercy of the court. All these and more are practical questions and very real questions. Bad judgment, or even good but erroneous judgment, may result in adverse effects. These are simple facts of trial; they are not justiciable issues." *Id.* at 792.

The defendant in the instant case was never denied any

right to call witnesses, nor any of the due process rights mandated in *Morrissey* v. *Brewer, supra.*

Furthermore, a tactical decision which later proves to be a less feasible choice than the one made will not in and of itself be a basis for a claim of deprivation of the right to effective counsel.

In *Commonwealth ex rel. Carey* v. *Prison Keeper,* 370 Pa. 604, 88 A.2d 904 (1952), the court, in speaking of the right to counsel, stated:

> "It has never been construed to include a right to counsel sufficiently astute to present every defense which may *possibly* occur by hindsight to counsel * * *." *Id.* at 607, 88 A.2d at 906.

Hence we find no merit in defendant's contention that he was denied the right to effective counsel.

## II

We come now to defendant's argument that it was error to allow Detective Lynch to testify about the results of the state toxicologist's report. A reading of the transcript shows that defendant did not object to this testimony. The rule under our practice is that when a defendant fails to object to the admission of evidence at a hearing or trial, he waives his right to object to the testimony, and the evidence presented is admissible against him and cannot be challenged on appeal unless the objection to its admission assumes constitutional proportions, in which case strict compliance with our procedural rules may be excused. *State* v. *Quattrocchi,* 103 R. I. 115, 235 A.2d 99 (1967). *See* Super, R. Crim. P. 51.

However, even though in the absence of an objection this issue is not properly before us, and notwithstanding the fact that strict compliance here would not deprive the defendant of constitutional protections, we shall assume for the purpose of this case that the question has been properly raised. It is clear that Detective Lynch was not

giving his own opinion about the state toxicologist's report; he was merely testifying about the contents of the state toxicologist's report. This evidence was hearsay, but, as pointed out in *O'Neill* v. *Sharkey, supra,* and *Almeida* v. *Langlois,* 97 R. I. 325, 197 A.2d 498 (1964), revocation hearings are not subject to the strict rules of evidence and, as we said in *Almeida,* hearsay evidence is admissible in these hearings. Finally, we find nothing in the language of *Morrissey* v. *Brewer, supra,* which proscribes the use of hearsay evidence in this type of hearing. In the circumstances we find no error.

The defendant's appeal is denied and dismissed.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*Bevilacqua & Cicilline,* for defendant.