PEOPLE v MACIEJEWSKI

1. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—INTERROGATION OF
   DEFENDANTS—COURT RULES.
   A defendant's disinclination to tell the court about his actions
   when entering a plea of nolo contendere to a criminal charge is
   sufficient reason for believing that the interests of the defend-
   ant and the proper administration of justice do not require
   interrogation of the defendant regarding his participation in
   the crime (GCR 1963, 785.7[3][d]).

2. CRIMINAL LAW—EVIDENCE—HEARSAY—PLEA OF NOLO CONTENDERE
   —SUPPORT FOR FINDING OF GUILT.
   Testimony of a police officer relating statements made by a victim
   of an unarmed robbery, although clearly hearsay, may be
   considered and given probative effect as if it were in law
   competent evidence, where the officer is the only witness at a
   hearing to establish substantial support for finding that a
   defendant is in fact guilty of the unarmed robbery, to which
   charge the defendant has pleaded nolo contendere, and where
   the testimony is not objected to by the defendant.

3. CRIMINAL LAW—EVIDENCE—HEARSAY—OBJECTIONS—APPEAL AND
   ERROR.
   Hearsay evidence which has been admitted without objection in a
   criminal case is entitled to consideration by an appellate court
   in support of the trial court's findings.

Appeal from Marquette, Bernard H. Davidson, J.
Submitted May 15, 1975, at Grand Rapids. (Docket
No. 19876.) Decided March 23, 1976.

Charles M. Maciejewski was convicted, on his

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence §§ 526, 702.
   Plea of nolo contendere or non vult contendere. 89 ALR2d 540.
[3] 5 Am Jur 2d, Appeal and Error §§ 553, 737.
   Consideration, in determining facts, of inadmissible hearsay evi-
   dence introduced without objection. 79 ALR2d 890.

plea of nolo contendere, of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gary L. Walker,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *Aloysius J. Lynch,* Special Assistant Attorney General), for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant.

Before: D. E. HOLBROOK, P. J., and ALLEN and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. On February 1, 1974, the defendant entered a plea of nolo contendere to a charge of unarmed robbery, MCLA 750.530; MSA 28.798. He was thereafter sentenced to serve a 5 to 15 year prison sentence and now appeals as of right.

On appeal defendant raises three allegations of error, only two of which are of decisional merit.

Initially defendant claims that the trial court failed to comply with the provisions of GCR 1963, 785.7(3)(d) insofar as such rule requires the judge to first state reasons for believing that the interests of the defendant and the proper administration of justice do not require interrogation of the defendant regarding his participation of the crime. Here the trial judge stated:

"I will not inquire of you as to your participation in this crime and I will do so for the reason that I understand that you are reticent about telling the court exactly what you did do."

In our opinion when one is inclined to be silent or uncommunicative in speech this is sufficient reason for believing that the interests of the defendant and the proper administration of justice do not require interrogation of the defendant regarding his participation in the crime.

The only other issue raised by defendant worthy of our discussion is his contention that the trial judge committed reversible error by using improper testimony to establish substantial support for a finding that the defendant was in fact guilty of the offense to which he offered his plea.

Here the trial judge conducted a hearing at which time the only witness called was one Marvin Gauthier, a captain of the Marquette Police Department, who related to the court statements made to him by the victim, following his response to a complaint with respect to the instant unarmed robbery. Clearly the testimony of Police Captain Gauthier was hearsay. Defendant, however, did not object thereto. Under such circumstances we hold such hearsay evidence may be considered and given probative effect as if it were in law competent evidence. Hearsay evidence which has been admitted without objection is entitled to consideration by an appellate court in support of the trial court's findings in a criminal case. See 30 Am Jur 2d, Evidence, § 1103, pp 268–269.[1] Also see *Stone v Posen,* 310 Mich 712; 17 NW2d 870 (1945). Hence, we hold that unobjected

[1] "Although hearsay evidence may, as a rule, be incompetent and inadmissible to establish a fact, such incompetency and inadmissibility may be waived by failure to object thereto, in which case it is almost uniformly held that it may be considered, if relevant, and may be given probative, or its natural probative, effect, as if it were in law competent evidence. Accordingly, it has been held that hearsay evidence which would be inadmissible if objected to but which is admitted without objection may properly be considered by the trier of facts, and that it should be considered by the trial court in passing upon a motion for a directed verdict, a motion to set aside a verdict for

to hearsay testimony is sufficient to establish substantial support for a finding that the defendant is in fact guilty of the charged offense or the offense to which he is offering a plea of nolo contendere.

An examination of the record clearly leads us to believe that the defendant's final allegation of error, that a factual basis for the plea was not established, is without merit.

Affirmed.

ALLEN, J., concurs in result only.

---

insufficiency of evidence, or a motion for nonsuit. Hearsay evidence which has been admitted without objection has also been held entitled to consideration by an appellate court in support of the trial court's findings, and in support of a verdict or judgment of conviction in a criminal case." (Footnotes omitted.)