James Melton FRAZIER, Appellant,

v.

The STATE of Texas, Appellee.

No. 61365.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 7, 1979.

On Rehearing June 11, 1980.

Charles E. Perry, Wichita Falls (on appeal only), for appellant.

Timothy D. Eyssen, Dist. Atty., Wichita Falls, Robert Huttash, State's Atty., Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is an appeal from a revocation of probation. Although appellant does not challenge the sufficiency of the evidence, we note in the interest of justice that there is no evidence to support the revocation.

On December 19, 1977, appellant pleaded guilty to the offense of aggravated assault on a police officer. Punishment was assessed at 6 years' imprisonment but the sentence was suspended and appellant was placed on probation. On September 18, 1978, the State filed a motion to revoke probation alleging that Frazier had violated the conditions of his probation by failing to report to his probation officer since March 21, 1978, by failing to pay a $250 fine, and by failing to pay his probation service fee.

Craig Valashek, Assistant Probation Officer for Wichita County, was the sole witness at the revocation hearing. He testified that appellant's probation officer was unavailable to testify that day, and that the district attorney had asked him to familiarize himself with appellant's probation file in order to present evidence at the hearing. He then testified to his recollection of the notations in the file showing that appellant had failed to adhere to the above conditions of probation. The probation office records themselves were not offered in evidence.

Valashek testified to facts of which he had no personal knowledge but which were supposedly evidenced by notations in appellant's file. His testimony was hearsay, and was not subject to any exception to the hearsay rule. Although the documents in the file may have been admissible as business records pursuant to Article 3737e, V.A. C.S., they were not offered in evidence, nor did Valashek read them into evidence. Compare *Lumpkin v. State*, 524 S.W.2d 302 (Tex.Cr.App.1975).

Appellant did not object to the admission of Valashek's testimony at the hearing. Hearsay is without probative value, however, and will not be considered in determining the sufficiency of the evidence. *Lumpkin v. State*, supra; *Mendoza v. State*, 522 S.W.2d 898 (Tex.Cr.App.1975). This well-established rule of evidence has been applied to probation revocation hearings. *Maden v. State*, 542 S.W.2d 189 (Tex.Cr. App.1976). Compare *Johnson v. State*, 498 S.W.2d 198 (Tex.Cr.App.1973).

Valashek's testimony was the only evidence that the State introduced to show that appellant violated the conditions of his probation. There being no evidence to support the State's motion to revoke probation, the court abused its discretion in ordering appellant's probation revoked.

Over the dissent of this author the majority of this Court recently held in *Davenport v. State*, 574 S.W.2d 73 (Tex.Cr.App.1978), that the double jeopardy protections of the Constitution of the United States and the Texas Constitution do not apply to persons who are subjected to probation revocation proceedings. Therefore, *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), do not apply to this case. Although the evidence is insufficient to support the revocation of probation, the State is not prohibited from reprosecuting this cause.

The judgment is reversed and the cause remanded.

ODOM, Judge, dissenting.

This case should not be reversed. It is true that Craig Valashek, Assistant Probation Officer for Wichita County, was testifying to facts of which he had no personal knowledge but which were obviously evi-

denced by notations in appellant's file. His testimony was therefore hearsay. Such testimony would be subject to the rule excluding hearsay from consideration as evidence, a rule which has been applied to probation revocation hearings. *Maden v. State*, 542 S.W.2d 189, 192 (Tex.Cr.App.). However, there was no objection to the State's attempt to introduce appellant's probation records through Valashek's hearsay testimony. This Court has frequently held that hearsay is without probative value, even if admitted without objection. See *Lumpkin v. State*, 524 S.W.2d 302, 305 (Tex.Cr.App.); *Reynolds v. State*, 489 S.W.2d 866, 872 (Tex. Cr.App.); *Cherb v. State*, 472 S.W.2d 273, 279 (Tex.Cr.App.). Hearsay testimony admitted at probation revocation hearings has fallen within that rule. *Maden v. State*, supra. I submit that we should reconsider these rules and hold that hearsay testimony admitted without objection at a probation revocation hearing should be accorded the same probative value as other evidence and may be considered in reviewing the sufficiency of the evidence to support a judgment revoking probation.

Texas and Georgia are the only two jurisdictions which have followed the rule that unobjected to hearsay testimony has no probative value and will not support a judgment. See *Lumpkin v. State*, 524 S.W.2d 302, 305 (Tex.Cr.App.); *Henry v. Phillips*, 105 Tex. 459, 151 S.W. 533 (1912); *Eastlick v. Southern Ry. Co.*, 116 Ga. 48, 42 S.E. 499 (1902). See generally Annot., 79 A.L.R.2d 890 (1961). In addition, a few courts have held that hearsay testimony admitted without objection will not support a criminal conviction where it is the only evidence to sustain the conviction. See *Glenn v. United States*, 271 F.2d 880 (6th Cir. 1959); *State v. Allien*, 366 So.2d 1308 (La.1978) (hearsay recanted in-court by out-of-court declarants); *People v. Hines*, 12 Ill.App.3d 582, 299 N.E.2d 581 (1973) (hearsay expressly contradicted by testimony of defendant). In the overwhelming majority of jurisdictions, however, hearsay admitted without objection is accorded probative value and may be considered by the triers of fact for whatever it is worth logically. This ex-

tends to allowing such evidence to constitute sufficient evidence of the commission of an offense or a vital element of an offense. See, e. g., *Turentine v. State*, 384 N.E.2d 1119, 1121 (Ind.Ct.App.1979); *People v. Maciejewski*, 68 Mich.App. 1, 241 N.W.2d 736 (1976); *State v. Charles*, 538 S.W.2d 944, 946 (Mo.Ct.App.1976); *Robinson v. State*, 17 Md.App. 451, 302 A.2d 659, 665 (1973). See generally Annot., 79 A.L. R.2d 890 (1961). Long ago, courts which adhere to the majority rule spelled out why unobjected to hearsay may be relied upon to sustain a verdict or finding:

"The hearsay rule is merely an exclusionary principle limiting its admissibility and in no sense a canon of relevancy—its probative force, where admitted without objection, being for the jury and not for the court to determine . . . 'Hearsay evidence usually is rejected because it lacks the corroboration of an oath or affirmation, and not because it has no material tendency to induce belief.'"

*State v. White*, 215 S.C. 450, 55 S.E.2d 785, 787 (1949). And, similarly:

"Hearsay evidence may accurately portray a given set of circumstances. The reasons which exclude such a portrayal do not detract from its truth or accurateness. These reasons are the legal barriers which have been erected by the law, and which, in the interest of justice, the parties may move aside. Under this reasoning the evidence is then competent to the full extent of such probative value as it may have under all the circumstances."

*Poluski v. Glen Alden Coal Co.*, 286 Pa. 473, 133 A. 819, 820 (1926). Furthermore, it has been said of hearsay that "if relevancy were not assumed, no special rule of exclusion would be required." *Barlow v. Verrill*, 88 N.H. 25, 183 A. 857, 859 (1936). We agree with the rationale which underlies the majority rule.

In the area of probation revocation, the courts show still greater liberality in upholding the admission of hearsay testimony. ■ Clearly, this liberality is attributable largely to the different procedural and

evidentiary standards applicable to a prosecution for a criminal offense and to a hearing for revocation of probation, which is administrative, not criminal, in nature. The prior decisions of this Court have established, for instance, that a probationer does not have a right to trial by jury at a revocation hearing,[1] that the decision of a court to revoke may be supported by uncorroborated accomplice testimony,[2] that in a probation revocation proceeding the State need only prove its allegations by a preponderance of the evidence,[3] and that double jeopardy provisions are not applicable to probation revocation proceedings.[4] Some jurisdictions, of course, take the logical position that unobjected to hearsay testimony alone will support an order revoking probation. See *State v. Welch*, 114 R.I. 187, 330 A.2d 400, 402 (1975). Moreover, numerous opinions have gone further and have allowed hearsay testimony to form the basis of a revocation order even when the testimony has been objected to when offered at the hearing. See, e. g., *United States v. Pattman*, 535 F.2d 1062, 1063–64 (8th Cir. 1976) (per curiam); *State v. Belcher*, 111 Ariz. 580, 535 P.2d 1297, 1298–99 (1975) (hearsay admissible under statute); *State v. Welch*, supra. Contra, *Robbins v. State*, 318 So.2d 472 (Fla.Dist.Ct.App.1975). Further, one of the courts which has held elsewhere that unobjected to hearsay alone will not support a conviction has indicated that the result might be different in the context of probation revocation. *People v. White*, 33 Ill. App.3d 523, 338 N.E.2d 81, 86 (1975). None of the authorities reviewed from majority rule jurisdictions have held squarely that unobjected to hearsay testimony lacks sufficient probativeness to support an order revoking probation. The authorities discussed herein provide ample support for the limited holding which I propose today. I would hold that hearsay testimony admitted without objection at a probation revocation hearing has probative value and may consti-

tute sufficient evidence in support of an order revoking probation. Our conflicting holding in *Maden v. State*, 542 S.W.2d 189, 192 (Tex.Cr.App.), should be overruled.

█ The rule discussed herein would not in any way affect the requirement that any hearsay testimony admitted must be sufficiently reliable and trustworthy before it may be accorded probative value on the issue whether a probationer has violated the conditions of his probation. Usually, this requirement will be satisfied when, as in the case at bar, the witness is subject to cross-examination concerning the hearsay evidence which he has offered. See *Holdren v. People*, 168 Colo. 474, 452 P.2d 28, 30 (1969); *Moore v. Stamps*, 507 S.W.2d 939, 949 (Mo.Ct.App.1974). Applying these considerations to the hearsay testimony offered by the witness Valashek at appellant's probation revocation hearing, the testimony was sufficiently reliable and trustworthy to form the basis of the order revoking probation. The evidence introduced at appellant's revocation hearing was sufficient to support the action of the trial judge in entering the order revoking appellant's probation.

I respectfully dissent.

DOUGLAS, TOM G. DAVIS and W. C. DAVIS, JJ., join this opinion.

## STATE'S MOTION FOR REHEARING

DALLY, Judge.

█ We now grant the State's Motion for Rehearing and hold that hearsay testimony admitted without objection at a probation revocation hearing has probative value and may constitute sufficient evidence in support of an order revoking probation. We now adopt Judge Odom's dissenting opinion on original submission as the opin-

---

1. E. g., *Hulsey v. State*, 447 S.W.2d 165 (Tex. Cr.App.).

2. E. g., *Barnes v. State*, 467 S.W.2d 437 (Tex. Cr.App.).

3. E. g., *Kelly v. State*, 483 S.W.2d 467 (Tex.Cr. App.).

4. *Davenport v. State*, 574 S.W.2d 73 (Tex.Cr. App.).

ion of the majority. The judgment is affirmed.

ROBERTS, PHILLIPS and CLINTON, JJ., dissent.

ONION, Presiding Judge, dissenting.

Where do we go from here? How much farther will the majority lower the standards applicable to probation revocation proceedings merely because they are such, that is, if there are now any standards left to be lowered.

The bare majority holds that hearsay testimony admitted without objection, at a revocation of probation proceeding, has probative value and may constitute sufficient evidence in support of an order revoking probation. This holding is bottomed on the fact that we are dealing with revocation proceedings, and with such proceedings, even though an individual's liberty is involved, "anything goes." *Casarez v. State*, 468 S.W.2d 412 (Tex.Cr.App.1971).

It is well established in both civil and criminal cases that hearsay is without probative value, even if admitted without objection. It constitutes no evidence and will not be considered in determining the sufficiency of the evidence. *Mendoza v. State*, 522 S.W.2d 898 (Tex.Cr.App.1975); *Lumpkin v. State*, 524 S.W.2d 302 (Tex.Cr.App. 1975); *Hanna v. State*, 546 S.W.2d 318 (Tex. Cr.App.1977); *Adams v. State*, 552 S.W.2d 812, 818 (Tex.Cr.App.1977); *Reynolds v. State*, 489 S.W.2d 866 (Tex.Cr.App.1972); *Payne v. State*, 480 S.W.2d 732 (Tex.Cr. App.1972); *Cherb v. State*, 472 S.W.2d 273 (Tex.Cr.App.1971); *Rogers v. State*, 368 S.W.2d 772 (Tex.Cr.App.1963); *Cooper Petroleum Co. v. La Gloria Oil and Gas Co.*, 436 S.W.2d 889 (Tex.1969); *Aetna Ins. Co. v. Klein*, 160 Tex. 61, 325 S.W.2d 376 (1959); *Texas Co. v. Lee*, 138 Tex. 167, 157 S.W.2d 628 (1941). This well established rule has until today been applied to revocation of probation cases. *Roberts v. State*, 537 S.W.2d 461 (Tex.Cr.App.1976); *Maden v. State*, 542 S.W.2d 189 (Tex.Cr.App.1976); *Long v. State*, 590 S.W.2d 138, 140 (Tex.Cr. App.1979). See *Curtis v. State*, 548 S.W.2d 57 (Tex.Cr.App.1977) (an opinion by Judge Dally); cf. *Johnson v. State*, 498 S.W.2d 198 (Tex.Cr.App.1973).

Batten down the hatches. The majority, with their disdain for precedent, stare decisis and revocation proceedings in particular, are headed for "greater" things. They are only laying the foundation for extending the rule narrowly adopted today to all criminal trials. Let there be no mistake, and let the bench and the bar beware of what is coming.

The majority does not tell us how far removed the hearsay has to be before the testimony becomes inadmissible under the new rule, if ever. It appears to be twice removed in the instant case. The dissenting opinion on panel submission, which is now adopted by the mere majority, states:

"The rule discussed herein would not in any way affect the requirement that any hearsay testimony admitted must be sufficiently reliable and trustworthy before it may be accorded probative value on the issue whether a probationer has violated his conditions of probation. Usually, this requirement will be satisfied when, as in the case at bar, the witness is subject to cross-examination concerning the hearsay evidence which he has offered. . . ."

*Lightfoot v. State*, 123 Tex.Cr.R. 176, 58 S.W.2d 81 (Tex.Cr.App.1932), held that "hearsay" is evidence which does not derive its value solely from the credit of the witness himself but rests in part on veracity and competency of some other person and implies possession of information, rather than knowledge, and is synonymous with report. And *Taylor v. State*, 62 Tex.Cr.R. 611, 138 S.W. 615 (1911), held a witness should not be permitted to testify to his understanding from what another told him.

It is difficult to understand how cross-examination of a witness who has testified as to hearsay without objection can transform his testimony into sufficiently reliable and trustworthy testimony of probative value when he has no personal knowledge of the events but only knows what someone told him.

Suppose witness X testifies, without objection, that one Janie told her (X) that Janie's brother had related to her (Janie) that he was talking to some unidentified ladies who informed him that they had seen the probationer drinking beer in the Rambling Rose Tavern in violation of probationary conditions. Pray tell how cross-examination of X, however clever, is going to convert that testimony into sufficiently reliable and trustworthy evidence so as to support the revocation of a defendant's probation and deprive an individual of his liberty? Judge Douglas says a good rule works both ways. Suppose Liza, the probationer's live-in girlfriend, testifies without State's objection that the probationer's aunt told her that the probationer's grandmother told her (the aunt) that the probationer reported on time on the date and at the time required by the probationary conditions. Is this sufficiently reliable and trustworthy to be considered as evidence since Liza is subject to cross-examination?

Is the affirmance of the instant case so important that a well established rule must be altered to reach the desired result, or is it that the majority feels that the State needs still another crutch in revocation of probation proceedings? The latter would be difficult to believe.

Under Texas procedure when a probationer is accused of having violated his probationary conditions by committing a penal offense, he is not entitled to require that prior to revocation there be a trial and conviction in a court of competent jurisdiction for the offense which forms the basis of the revocation where the burden of proof would be beyond a reasonable doubt.[1] *Dunn v. State*, 159 Tex.Cr.R. 520, 265 S.W.2d 589 (1954); *Gorman v. State*, 166 Tex.Cr.R. 633, 317 S.W.2d 744 (1958); *Hulsey v. State*, 447 S.W.2d 165 (Tex.Cr.App. 1969).

And such probationer is not entitled to a jury trial to determine if his probation should be revoked by virtue of Article 42.12, § 8, V.A.C.C.P. *Valdez v. State*, 508 S.W.2d 842 (Tex.Cr.App.1973); *Barrow v. State*, 505 S.W.2d 808 (Tex.Cr.App.1974); *Mann v. State*, 490 S.W.2d 545 (Tex.Cr.App.1973); *Munoz v. State*, 485 S.W.2d 782 (Tex.Cr. App.1972); *Wickware v. State*, 486 S.W.2d 801, 803 (Tex.Cr.App.1972); *Hulsey v. State*, supra.

It has long been that the allegations in a motion for revocation of probation need not strictly comply with the requirements of an indictment or information. *Peoples v. State*, 566 S.W.2d 640 (Tex.Cr.App.1978); *Kuenstler v. State*, 486 S.W.2d 367 (Tex.Cr. App.1972); *Chacon v. State*, 558 S.W.2d 874 (Tex.Cr.App.1977); *Jansson v. State*, 473 S.W.2d 40 (Tex.Cr.App.1971); *Diaz v. State*, 516 S.W.2d 154 (Tex.Cr.App.1974); *Dempsey v. State*, 496 S.W.2d 49 (Tex.Cr.App. 1973). And the probationer is not entitled to the ten days' preparation period. *Hill v. State*, 480 S.W.2d 200 (Tex.Cr.App.1971). And a motion to quash comes too late if the revocation motion has been read and a plea entered, *Dempsey v. State*, supra, or the revocation hearing has begun in any way. *Tone v. State*, 505 S.W.2d 300 (Tex.Cr.App. 1973). The burden of proof in revocation hearings is by a preponderance of evidence, *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr. App.1974), and an irregular type of "judicial notice" may be taken of testimony in other trials, *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr.App.1973); *Stephenson v. State*, 500 S.W.2d 855 (Tex.Cr.App.1973). Further, it has been held that the testimony of an accomplice witness does not need to be corroborated in order to justify revocation and that Article 38.14, V.A.C.C.P., has no application to such proceedings. *Dunn v. State*, 159 Tex.Cr.R. 520, 265 S.W.2d 589 (1954); *Soliz v. State*, 171 Tex.Cr.R. 376, 350 S.W.2d 566 (1961); *Mann v. State*, 490 S.W.2d 545 (Tex.Cr.App.1973); *Howery v. State*, 528 S.W.2d 230 (Tex.Cr.App.1975). And an uncorroborated confession of the probationer is sufficient to sustain revocation. *Smith v. State*, 160 Tex.Cr.R. 438, 272 S.W.2d 104 (1954); *Tollett v. State*, 456 S.W.2d 909 (Tex.Cr.App.1970); *Hicks v.*

---

1. This was a requirement of the former Suspended Sentence Law (Arts. 776–781, V.A.C. C.P., 1925), but not of the Adult Probation Law (Art. 42.12, V.A.C.C.P.).

*State,* 476 S.W.2d 670 (Tex.Cr.App.1972); *Bush v. State,* 506 S.W.2d 603 (Tex.Cr.App. 1974).

And now the majority adds the rule that hearsay will support a revocation order. I suppose a revocation order can be supported now by a preponderance of the hearsay evidence. I dissent.