**Troy Phillip READY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–83–707CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 4, 1984.

Barry J. O'Keefe, Humble, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL and SEARS, JJ., and T. GILBERT SHARPE, J. (Retired).

## OPINION

T. GILBERT SHARPE, Justice (Retired).

This appeal is from a judgment revoking appellant's probation. On January 14, 1983, appellant entered a plea of guilty to the offense of burglary of a building. Punishment was assessed at six years confinement in the Texas Department of Corrections; however imposition of the sentence was suspended and appellant placed on probation. The State filed an amended motion to revoke appellant's probation on September 30, 1983. The State alleged in its motion that on or about August 10, 1983, appellant committed the felony of burglary of a building. The trial court granted the state's motion and imposed a three-year term of confinement.

In two grounds of error the appellant contends that the trial court abused its discretion by revoking his probation because the evidence presented at the hearing was insufficient.

In a probation revocation proceeding, the state must prove the allegations of its motion by a preponderance of the evidence. *Garrett v. State*, 619 S.W.2d 172 (Tex.Crim.App.1981). Upon appellate review, the court must view the evidence in a light most favorable to the order of the court below. *Garrett*, 619 S.W.2d at 174. The decision to revoke probation lies within the sole discretion of the trial court and is subject to reversal only upon a showing of abuse. *Barnett v. State*, 615 S.W.2d 220 (Tex.Crim.App.1981) *dismissed*, 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981).

The State's evidence at the hearing established the *corpus delecti*. Testimony showed that the offices of Dr. Henrekson were entered and items of personal property—certain drug items in a container—

were removed, all without the doctor's consent. Further testimony offered by two accomplice witnesses then linked the appellant to the commission of this offense. The accomplices testified in substance that, during the early morning of August 10, 1983, the appellant accompanied them to certain office buildings, one of which was the office of Dr. Henrekson, and proceeded to break into the offices and pilfer certain items therein.

Appellant complains that because this testimony was offered by accomplices, without corroboration, it is insufficient to support revocation. However, the Texas Court of Criminal Appeals has expressly rejected this proposition, holding instead that uncorroborated accomplice testimony will support a revocation of probation. *Russell v. State,* 551 S.W.2d 710 (Tex.Crim. App.1977) *cert. denied,* 434 U.S. 954, 98 S.Ct. 480, 54 L.Ed.2d 312 (1977); *Moreno v. State,* 476 S.W.2d 684 (Tex.Crim.App.1972). In a proceeding to revoke probation, the trial court is the sole trier of fact and judge of the credibility of the witnesses and weight to be given particular testimony. Where the State has proved up each element of the offense alleged as grounds for revocation, the court may, in its sound discretion, revoke probation. *Naquin v. State,* 607 S.W.2d 583 (Tex.Crim.App.1980). Here, the trial judge chose to believe the facts as related by the accomplices, and the evidence supports his finding.

Appellant further contends that a certain portion of the accomplice testimony was hearsay and lacking of probative force. The record reflects that appellant voiced no objection to this testimony at the hearing. The Court of Criminal Appeals has held that hearsay testimony, which is admitted into evidence without objection and is sufficiently reliable, will be afforded probative value in revocation hearing. *Frazier v. State,* 600 S.W.2d 271 (Tex.Crim.App.1979). The Court defined "sufficiently reliable" as testimony which is subject to cross-examination. *Frazier, supra* at 274. The record reflects that appellant had ample opportunity to cross-examine the witnesses.

We hold that the evidence was sufficient to support the order revoking probation and that no abuse of discretion is shown. Grounds of error one and two are overruled.

The judgment is affirmed.