# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00530-CR

---

**Jason Kesler, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-20-300927, THE HONORABLE CHANTAL ELDRIDGE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Jason Kesler was given deferred-adjudication community supervision on his negotiated plea to a charge of deadly conduct for discharge of a firearm, but the State later filed a motion to revoke his community supervision and adjudicate his guilt for the deadly-conduct charge based on any one of several grounds (the Motion). *See* Tex. Penal Code § 22.05(b) (deadly-conduct offense at issue). After an evidentiary hearing, the trial court granted the Motion, finding all its asserted grounds to be true, and rendered a judgment of conviction on the deadly-conduct charge. Kesler appeals, advancing in two issues that (1) the trial court should have excluded certain testimony at the evidentiary hearing under the Sixth Amendment and (2) the evidence was insufficient to support any of the Motion's grounds. We affirm.

In his first issue, Kesler contends that the trial court should have excluded testimony from one of the probation officers. He argues that the testimony was objectionable under the Sixth

Amendment because the probation officer testified about the contents of emails received from the probation office's ankle-monitor vendor but Kesler had no chance to confront or cross-examine the emailing personnel.[1] But Kesler forfeited this issue because he never objected to the testimony about which he complains, failing to raise his Sixth Amendment complaint with the trial court. *See Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010) (Confrontation Clause complaints about admission of evidence are subject to Rule of Appellate Procedure 33.1(a)(1)'s objection requirement); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (objection that failed to state Sixth Amendment confrontation complaint did not preserve that complaint for appeal).

In his second issue, Kesler contends that the trial court abused its discretion by granting the Motion because the evidence was insufficient to support any of the Motion's grounds. Only one sufficient ground need have been proven for the Motion to have been granted. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 343 (Tex. Crim. App. 2009). One of the Motion's grounds was that Kesler had failed to comply with the rules of the "Electronic Monitoring/GPS" program. Kesler's court-imposed conditions of community supervision included the requirement that he submit to "Electronic Monitoring/GPS" with the monitoring device being removable "after 120 days with no violations." His conditions were imposed on March 29, 2021, and 120 days from that date was July 27, 2021. But the testimony at the revocation evidentiary hearing showed that Kesler cut off his ankle monitor in June 2021. Cutting the monitor off like this was against the court-imposed conditions, so the

---

[1] The Sixth Amendment aside, Kesler's appellate briefing also makes a bare mention of the Texas Constitution as a separate basis for his first appellate issue. Because the briefing does not explain how the Texas Constitution's protections differ, if at all, from the Sixth Amendment's, we do not consider the Texas Constitution. *See Gonzalez v. State*, 616 S.W.3d 585, 587 (Tex. Crim. App. 2020); *Ex parte Ingram*, 533 S.W.3d 887, 891 n.4 (Tex. Crim. App. 2017).

evidence was sufficient to prove the Motion's ground that Kesler had failed to comply with the rules of the "Electronic Monitoring/GPS" program. Kesler argues that the testimony about his cutting off the ankle monitor cannot be considered in this sufficiency review because it was inadmissible hearsay, citing as support a 1973 case. Even if Kesler is correct that this testimony was inadmissible hearsay, he did not object to the testimony on any grounds, and in 1979, the Court of Criminal Appeals held—in a decision that has not been overturned—that unobjected-to hearsay is sufficient to support revocation. *See Frazier v. State*, 600 S.W.2d 271, 274 (Tex. Crim. App. 1980) (op. on reh'g). The evidence was thus sufficient to support the trial court's order granting the Motion, so we overrule Kesler's second issue.

We affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Justices Baker, Kelly, and Smith

Affirmed

Filed: July 31, 2024

Do Not Publish