VIRGIL ALMEIDA *vs.* HAROLD V. LANGLOIS, *Warden.*

FEBRUARY 21, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. This petition for habeas corpus, incorporating therein a brief in support thereof, was presented to us by the petitioner without assistance of counsel. In response to the writ the respondent duly filed a brief opposing the petition on the merits. At the petitioner's request the petition was considered on briefs.

The record before us discloses that on January 20, 1955 petitioner, having previously been indicted for robbery, entered into a deferred sentence agreement with the attorney general pursuant to G. L. 1956, §12-19-19, whereupon the superior court upon his plea of nolo contendere formally deferred sentencing him. Subsequently he served a sentence of 90 days from November 13, 1957 to February 11, 1958 at the adult correctional institutions, that sentence having been imposed by the district court of the ninth judicial district after his conviction on a charge of assault. On July 6, 1962 he was brought before the superior court on the representation of the attorney general that he had violated the deferred sentence agreement, and a sentence of five years was imposed upon him which he is presently serving in the custody of the respondent pursuant to a mittimus duly issued.

The petitioner first alleges that his present detention is illegal having been imposed in 1962 which was more than five years after sentence had been formally deferred in 1955. That contention is made notwithstanding the intervening sentence which commenced less than five years after the formal deferment of sentence and terminated less than five years before imposition of the sentence which led to the present imprisonment.

*Giroux* v. *Superior Court,* 86 R. I. 48, is dispositive of this contention. There, after careful consideration and analysis of the background of the deferred sentence statutes, we said at page 51: "That chapter [now §12-19-19] expressly provided that the superior court could only impose sentence within a period of five years from and after the date of the agreement unless during such period the offender was sentenced to imprisonment in this or any other state, in which event the five-year limitation was to commence from and after the termination of such sentence."

No change having been made in the controlling statute since that decision and no reason being suggested why it should be interpreted otherwise, we find petitioner's first contention to be without merit.

The petitioner also alleges that the representations of the attorney general that he had breached the deferred sentence agreement by "general misconduct and rather severe brutality towards his wife" were "figments of his imagination" and hearsay for which there was no "substantiating evidence * * *." Inartistically expressed and not in legalistic language or form, he contends in substance that his sentence is illegal because the presentence recommendations of the attorney general were untrue and based upon hearsay.

In modern times the concept that retribution should be exacted from the criminal offender has been replaced by the belief that what is more desirable is that he be reformed and rehabilitated. To that end, justices of the superior court have been given wide discretion to impose deferred as well as suspended sentences. To restrict such discretion by strict rules of evidence in the presentation of the information upon which the sentencing justice may reach a decision would defeat the modern purpose of individualizing sentences. *Williams* v. *New York,* 337 U. S. 241. See *Knowles* v. *Langlois,* 90 R. I. 445. The petitioner's contention that the sentencing justice was precluded from con-

sidering hearsay as an assistance in determining the sentence to be imposed is therefore without merit.

By his charge of falsehood petitioner is apparently attempting to bring this case within the scope of *Townsend* v. *Burke,* 334 U. S. 736. In that case the defendant neither had counsel nor was he advised of his right to have counsel, nor was he instructed with particularity as to the nature of the crime with which he was charged. Prior to the imposition of a severe prison sentence the trial judge in a facetious manner commented about the defendant's criminal record, though it later appeared that he considered as convictions what were only arrests for offenses of which the defendant had either been discharged or found not guilty.

In reversing the denial by the Pennsylvania court of a petition for a writ of habeas corpus the United States Supreme Court found that the totality of the circumstances there present was inconsistent with due process, saying at page 741: "It is not the duration or severity of this sentence that renders it constitutionally invalid; it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking in due process."

An examination of the transcript clearly discloses that petitioner's attempt to bring this case within the *Townsend* rule is without warrant. Although it is true that the trial justice was advised by the attorney general in the form and manner as set forth in the petition, it is also the fact that petitioner was represented throughout the proceedings by counsel who not only did not take issue with or attempt to refute any of the representations of the attorney general as to which petitioner now protests, but also admitted that petitioner had been "in a few fights * * * paid a couple of fines," and had struck his wife. Moreover, petitioner's in-

tervening conviction and sentence on a charge of assault cannot be ignored.

Viewing the case as we must on the record and the transcript of the proceedings rather than on petitioner's unsupported assertions, it is clear that none of the circumstances upon which the court in *Townsend* relied is here present.

The sentence imposed on petitioner is valid and was not in violation of the constitutional rights upon which he bases his petition.

The petition for habeas corpus is denied and dismissed, the writ heretofore issued is quashed, and the petitioner is remanded to the custody of the respondent warden.

*Virgil Almeida,* pro se petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for respondent.