358 A.2d 679.

STATE *vs.* DENNIS R. MARTIN

JUNE 11, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, J.J.

DORIS, J. This is an appeal from a judgment of conviction entered by a Superior Court justice pursuant to which the defendant was sentenced to a term of two years at the Adult Correctional Institutions as a violator of a previously imposed deferred sentence.

The record indicates that on October 8, 1968, defendant

was indicted for unlawful possession of a barbiturate (Ind. No. 68-855) and for delivery of a barbiturate to a person under the age of 21 years (Ind. No. 68-856). On February 6, 1969, sentence was deferred on both indictments. The running of the five year deferred sentence period was interrupted when probation on a still earlier suspended sentence was violated on December 6, 1971, but commenced to run again on August 8, 1972.[1]

On January 22, 1975, defendant was arraigned in District Court on criminal complaints and warrants charging murder, assault and larceny, and was bound over for a bail hearing in the Superior Court. At that time defendant was represented by private counsel who was given a copy of each criminal complaint. The Superior Court docket entry for January 23, 1975, reads: "Defendant appears and continued to 1/30/75 for violation hearing and committed without bail" (Ind. No. 68-856). The Superior Court calendar for January 30, 1975, lists defendant, Martin and his codefendants, on the criminal complaints under the heading "Bail Hearing", and includes under defendant's name the petition for bail (M.P. 10709) and hearing on Ind. Nos. 68-855 and 68-856, the original indictments giving rise to the deferred sentence for which defendant was violated at the hearing.

Some time between January 23 and January 30, defendant's private counsel withdrew from the case and the public defender entered the case as counsel for Martin. On January 30, Martin appeared and was represented by the public defender as counsel. The public defender objected to the consolidation of the bail and violation hearings on the ground that he had not been properly notified of the vio-

---

[1]The new five year period of probation extended to August 8, 1977. General Laws 1956 (1969 Reenactment) §12-19-19. *Almeida* v. *Langlois*, 97 R. I. 325, 197 A.2d 498 (1964).

lation hearing as provided by Super. R. Crim. P. 32(f).[2] He further alleged that lack of notice deprived defendant of the effective assistance of counsel. The prosecutor replied that a copy of the District Court complaint and warrant charging defendant with murder had been given to defendant's counsel at the arraignment in District Court and in his opinion constituted sufficient notice under the provisions of Super. R. Crim. P. 32(f).

The public defender then stated that he had not received a copy of the District Court complaint and warrant and that none was in his file.[3] At that point the prosecutor handed defendant's counsel a statement wherein the state moved that defendant be violated for having murdered one, Scott Prescott at Providence on January 8, 1975. The public defender requested time to look over the statement to determine whether investigation and preparation were necessary for the hearing. The trial justice pointed out that the Rule did not specifically set forth any particular method of notice and held that since defendant had been provided with a copy of the District Court complaint and warrant that the notice requirement of the Rule had been complied with. He further pointed out that it was common practice

---

[2]Super. R. Crim. P. 32(f) reads as follows:

"Revocation of Probation. The court shall not revoke probation or revoke a suspension of sentence or impose a sentence previously deferred except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing. Prior to the hearing the State shall furnish the defendant and the court with a written statement specifying the grounds upon which action is sought under this subdivision."

[3]The attorney who represented defendant at the District Court hearing received a copy of the complaint and warrant. The public defender represents that private counsel did not give a copy of the complaint and warrant to defendant or to the public defender and is without knowledge of the whereabouts of the complaint and warrant which he received at the District Court arraignment.

to consolidate bail hearings and violation hearings. The trial justice denied the request and ordered the hearing to proceed. At the termination of the hearing the trial justice denied bail to defendant and found him to be a deferred sentence violator. A judgment of conviction was thereafter entered and defendant was sentenced to a term of two years at the Adult Correctional Institutions. The defendant has claimed an appeal to this court.

The defendant argues that Super. R. Crim. P. 32(f) specifically requires that, prior to any hearing on whether the court shall revoke probation or revoke a suspension of sentence or impose a sentence previously deferred, the prosecutor "shall furnish the defendant and the court with a written statement specifying the grounds" on which it bases the revocation. The only claim by the prosecution to have tendered such a statement to defendant is the fact that a copy of the complaint and warrant was handed to private counsel representing defendant at the time of the arraignment in District Court. The public defender who replaced defendant's original counsel claims at the time of the consolidated hearing in Superior Court that he had not received any notice.

The defendant points to the recent case *State* v. *Lanigan,* 114 R. I. 514, 335 A.2d 917 (1975), wherein this court stated that failure of the state prior to revocation of probation hearing to furnish the defendant and court with a written statement specifying grounds for revocation violated minimum due process requirements promulgated by the United States Supreme Court as governing any hearing relating to revocation of probation or parole. *State* v. *Lanigan, supra; Gagnon* v. *Scarpelli,* 411 U. S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey* v. *Brewer,* 408 U. S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *State* v. *Bettencourt,* 112 R. I. 706, 315 A.2d 53 (1974); Super. R. Crim. P. 32(f).

The defendant argues that the trial justice erred in hold-

ing the violation hearing over his objection that he had not received proper notice as required. The state argues that defendant at the arraignment in District Court received a written copy of the complaint and warrant specifying he was charged with murder, assault and larceny and that this was sufficient notice to comply with the requirements of Super. R. Crim. P. 32(f).

We agree that the better procedure would be for the state to provide a separate written statement specifying the grounds upon which action is sought to revoke probation or revoke a suspension of sentence or impose a sentence previously deferred, and suggest that such procedure be hereafter followed in cases brought under Super. R. Crim. P. 32(f).

The defendant is alleged to have violated his deferred sentence agreement on the identical grounds on which he was charged and on which he was petitioning for bail unlike *Lanigan,* where the offense with which the defendant was charged was not the same as the grounds for revocation of probation.

However, in the circumstances here, there was ample evidence to deny bail and to adjudge defendant a violator of the deferred sentence agreement. We will consequently not fault the trial justice since we perceive no prejudice to defendant from the state's failure to specifically notify him by way of a separate statement that it was going to consolidate the bail hearing with a hearing to have him adjudged a violator. *See State* v. *Skirvin,* 113 R. I. 443, 322 A.2d 297 (1974).

The defendant further argues that not having been properly notified of the charges and not being allowed time to prepare a defense that he was thereby denied effective assistance of counsel citing *O'Neill* v. *Sharkey,* 107 R. I. 524, 268 A.2d 720 (1970). In *O'Neill* the defendant was assigned a member of the public defender's staff for counsel only a

few minutes before the start of a hearing to have him declared a deferred sentence agreement violator and thus had no meaningful opportunity to confer with him. This court held that under *Mempa* v. *Rhay,* 389 U. S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), the defendant had been deprived of his constitutional right to effective counsel.

The trial justice in his decision referred to the case of *State* v. *Skirvin, supra,* wherein this court held that due process required notice to the defendant of the charge which constituted the violation of a deferred sentence agreement and lack of such notice in the circumstances of the case did not prejudice the defendant.

Here, the consolidated hearings were on the calendar for January 23, 1975, and continued until January 30, 1975, the date on which the hearings were held. The state contends that since defendant and original counsel knew of the consolidated hearings that it had no duty to repeat the notice already given. Further, the state points out that the public defender indicated that he was ready to go forward on the bail petition and that since the charges on which bail was being sought were the same charges for which defendant was being violated, that the evidence necessary for a determination that defendant had violated the terms of his deferred sentence agreement was the same as that necessary to show that bail be denied. The evidentiary requirements in a bail hearing for a capital offense are more stringent than those in a violation hearing. *State v. Skirvin, supra; State* v. *Bettencourt,* 112 R. I. 706, 315 A.2d 53 (1974); *Taglianetti* v. *Langlois,* 105 R. I. 596, 253 A.2d 609 (1969).

The record indicates that one week prior to the consolidated hearings the same matter was before the court and continued for hearing. Although the defendant changed counsel during the intervening period, he knew of the consolidation as did his original counsel. The public defender

conceded that he was prepared to go forward on the bail hearing. The charge which gave rise to the bail hearing was the same as that for which the defendant was being violated. If the public defender was prepared to go forward with the bail hearing for a capital offense wherein the evidentiary requirements are more stringent than those required in a violation hearing, we are unable to conclude that the consolidation of the bail and violation hearings in any way interfered with or infringed upon the defendant's right to effective assistance of counsel. The defendant was given proper notice and was in no way denied effective assistance of counsel.

The defendant's appeal is denied and dismissed and the case is remanded to the Superior Court.

*Julius C. Michaelson,* Attorney General, *William Granfield Brody,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Bruce G. Pollock,* for defendant.