**Dwight M. JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47157.**

Court of Criminal Appeals of Texas.

July 11, 1973.

Rehearing Denied Sept. 7, 1973.

Milton E. Douglass, Jr., Wichita Falls, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

On March 7, 1971, after a plea of guilty, the appellant was found guilty of the offense of arson; punishment of ten years imprisonment was assessed and the appellant was placed on probation.

On November 2, 1972, an order revoking probation was entered and the appellant was sentenced.

This appeal is concerned with the alleged violation of two of the terms of probation. They provided that the appellant:

"1. Shall commit no offense against the penal laws of this State or of any other State or the United States and shall not be convicted of any offense in violation of any of the penal laws of this State or of any other State or the United States, and shall violate no penal ordinances of any political subdivision of this State or any other State and shall not be convicted of any offense in violation of any penal ordinances of any political subdivision of this State or any other State."

and

"8. Shall remain in Wichita County, and shall not, under any circumstances, leave said County except with the written consent of the Court or Probation Officer."

The State's first amended motion to revoke probation alleged that the appellant had violated the terms and conditions of probation as follows:

"1. On February 21, 1972, the defendant committed the offense of aggravated assault on a female, Constance McWilliams.

"8. The defendant left Cameron College in Lawton, Oklahoma, without permission from the Court or his Probation Officer to change his address."

The trial court, after a hearing, found that the appellant had violated the terms of his probation by:

"1. Committing the offense of aggravated assault on a female, Constance McWilliams, on February 21, 1972.

"2. And that the Defendant left Wichita county and went to Kansas City, Missouri, without the written consent of the Court or probation officer, on or about March 23, 1972."

The appellant urges that the court abused its discretion in revoking probation for the violation alleged relating to the condition that he would not leave Wichita County without permission, because the motion did not allege a violation of that condition, by the admission of hearsay testimony of the witness Juel Colbert, and by finding the evidence sufficient to support the court's finding.

■ The allegation does not properly allege a violation of the condition; however, no exception was taken to the pleading prior to trial; it is questioned on appeal for the first time. This complaint made on appeal comes too late. See Vance v. State, 485 S.W.2d 580 (Tex.Cr.App.1972); Kinard v. State, 477 S.W.2d 896 (Tex.Cr.App. 1972); Wilcox v. State, 477 S.W.2d 900 (Tex.Cr.App.1972); Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583 (1956) and cf. Burkett v. State, 485 S.W.2d 578 (Tex. Cr.App.1972).

■■ The alleged hearsay testimony is not necessary to support the trial court's finding and it will be presumed that the trial court, as the finder of the facts, disregarded inadmissible evidence. Reed v. State, 477 S.W.2d 904 (Tex.Cr.App.1972); Branch v. State, 465 S.W.2d 160 (Tex.Cr.App.1971); Rodgers v. State, 448 S.W.2d 465 (Tex.Cr.App.1969); Bowers v. State, 414 S.W.2d 929 (Tex.Cr.App.1967).

■ The evidence shows that the appellant was taken into custody in Kansas City, Missouri, and returned to Wichita County and that he did not have permission of either the court or the probation officer to leave Wichita County to go to Kansas City, Missouri. This evidence is sufficient to support the trial court's findings that the appellant violated a condition

of probation in leaving Wichita County without permission.[1] See Whiteside v. State, 468 S.W.2d 831 (Tex.Cr.App.1971).

The appellant makes several complaints that the trial court abused its discretion in finding that the appellant had violated the condition of probation that he would commit no offense against the penal laws.

The appellant contends that, under the specially worded condition of probation in this case, it is necessary to prove the appellant had been convicted of the offense rather than merely showing he committed the offense. A similar contention was fully discussed, considered and overruled in Hancock v. State, 491 S.W.2d 139 (Tex. Cr.App.1973).

■ The appellant urges there is no proof to support the trial court's finding in this regard. The proof shows that a companion of the appellant drove an automobile up beside Constance McWilliams as she was walking to the Service Club on Sheppard Air Force Base. The appellant got out of the automobile, took hold of her and forced her into the automobile. The automobile then sped away in the wrong direction on a one-way street. This is sufficient to show an assault and to support the trial court's finding of a violation

of the condition of probation that he would commit no offense against the laws of this State or the United States.

The appellant argues that it was not shown that the appellant was an adult male and, therefore, there was a failure to prove an aggravated assault. We need not determine whether the proof is sufficient to prove an aggravated assault, as a simple assault was proved and that is sufficient basis to show a violation of the condition in question. Cf. Branch v. State, supra and Foote v. State, 463 S.W.2d 445 (Tex. Cr.App.1971).

■ There is a contention that the court did not have jurisdiction of the offense which occurred on Sheppard Air Force Base. An offense committed in another jurisdiction may be proved to show a violation of the conditions of probation. See Whiteside v. State, supra. The appellant not only argues that the court had no jurisdiction of the offense which occurred on Sheppard Air Force Base, but also that any act which may have been committed was not an offense on that base. Under the provisions of the Assimilative Crimes Act,[2] simple assault was a penal offense when commited on Sheppard Air Force Base.

1. The fact that the condition of probation may have improperly permitted the probation officer to vary the terms of probation and that the probation officer did in fact permit the appellant to go to Cameron College in Lawton, Oklahoma, is not material. See McDonald v. State, 442 S.W.2d 386 (Tex. Cr.App.1969).

2. 18 U.S.C.A., § 7, in part, provides:
"The term 'special maritime and territorial jurisdiction of the United States', as used in this title, includes:
" . . .
"3. Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be for the erection of a fort, magazine, arsenal, dockyard or other needful building."

18 U.S.C.A., § 13 provides:
"Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

18 U.S.C.A., § 113 provides:
"Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:
" . . .
"(e) Simple assault, by fine of not more than $300 or imprisonment for not more than three months, or both."

The contention that a pre-trial line-up tained the in-court identification of the appellant is without merit. The pre-trial lineup was held while the appellant was represented by counsel and there is ample evidence to support the court's finding that the identification of the appellant was made independently of the lineup.

The complaints that certain evidence was elicited through leading questions asked of Constance McWilliams and that the State attacked the credibility of its own witness Constance McWilliams have been considered and are also without merit.

Finding that the trial court did not abuse its discretion in revoking probation, the judgment is affirmed.

Opinion approved by the Court.