ACCEPTED
03-16-00213-CR
12719327
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/15/2016 11:52:53 AM
JEFFREY D. KYLE
CLERK

# No. 03-16-00213-CR

# IN THE COURT OF APPEALS

# FOR THE THIRD JUDICIAL DISTRICT OF TEXAS

## FREDDIE LEE SCOTT,
### APPELLANT

## VS.

## THE STATE OF TEXAS,
### APPELLEE

## APPELLANT'S BRIEF

On Appeal from Cause Number 3016
in the 35nd District Court
Mills County, Texas
The Honorable Stephen Ellis, Presiding

Emily Miller, Lawyer
Woodley and Dudley, Lawyers
707 Center Avenue
Brownwood, Texas 76801
emily@woodleydudley.net

*Attorney for Appellant*

# IDENTITIES OF PARTIES AND COUNSEL

Pursuant to the provisions of Rule 38.1(a), Texas Rules of Appellate Procedure, a complete list of the names of all parties to this action and counsel are as follows:

Parties:
  Mr. Freddie Lee Scott, Appellant

  State of Texas, Appellee

Attorneys for the Appellant:
  Ms. Emily Miller
  Woodley and Dudley, Lawyers
  707 Center Avenue
  Brownwood, Texas 76801
  (On Appeal)

  Mr. John Lee Blagg
  Attorney at Law
  504 Pecan Street
  Brownwood, Texas 76801
  (Trial Attorney)

Attorneys for Appellant:
  The Honorable Micheal Murray
  35th Judicial District Attorney
  Brown and Mills Counties
  200 South Broadway Street
  Brownwood, Texas 76801

  Mr. Christopher Brown
  Assistant District Attorney
  35th Judicial District
  200 South Broadway Street
  Brownwood, Texas 76801
  (Trial Attorney)

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL  i

INDEX OF AUTHORITIES  iii

STATEMENT OF THE CASE  1

ISSUES PRESENTED  3

STATEMENT OF FACTS  4

SUMMARY OF THE ARGUMENT  6

ARGUMENT AND AUTHORITIES  7

 ISSUE ONE:  *Whether Due Process of Law requires proof of a violation of a condition of community supervision to be beyond a reasonable doubt rather than by a preponderance of the evidence.*

ARGUMENT AND AUTHORITIES  10

 ISSUE TWO:  *Whether the trial court abused its discretion by revoking Mr. Scott's probation.*

PRAYER  12

CERTIFICATE OF SERVICE  13

CERTIFICATE OF COMPLIANCE  13

# INDEX OF AUTHORITIES

## CASE LAW

*Campbell v. State*, 456 S.W.2d 918 (Tex.Crim.App. 1970)  11, 15

*Cardona v. State* 665 S.W.2d 492 (Tex.Crim.App. 1984)  10

*Crawford v. State*, 435 S.W.2d 148 (Tex.Crim.App. 1970)  7

*Crawford v. Washington*, 541 U.S. 36 (2004)  8

*Ex Parte Doan*, 369 S.W. 205 (Tex.Crim.App.2012)  8

*Fariss v. Tipps*, 463 S.W.2d 176 (1971)  3

*Fernandez v. State*, 805 S.W.2d 451 (Tex.Crim.App.1991)  8

*Gagnon v. Scarpelli*, 411 U.S. 778 (1973)  7

*Johnson v. State*, 498 S.W.2d 198 (Tex.Crim.App. 1973)  8

*Moore v. State*, 605 S.W.2d 924 (Tex.Crim.App. 1980)  11

## CONSTITUTIONAL PROVISIONS

U.S. CONST., AMEND. VI  13

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

COMES NOW, Freddie Lee Scott, Appellant in this cause, by and through his attorney of record, Emily Miller, and, pursuant to the provisions of TEX.R.APP.PRO. 38, *et seq.*, files this brief on appeal.

## STATEMENT OF THE CASE

On November 12, 2014, Mr. Scott was placed on deferred adjudication community supervision for Possession of Controlled Substance of less than a gram. (RR at 8; II CR at 9). On November 4, 2015, the State filed a Motion to Adjudicate. (RR at 8). On February 3, 2016, Mr. Scott entered his plea of Not True to allegation One, that he committed the offense of possession of controlled substance on September 1, 2015 in Taylor County, Texas. (II CR at 15). He pled Not True to allegations Two through Eight, which were the monetary obligations. (II CR at 15). Mr. Scott pled True to allegations Nine and Ten, that he failed to complete community service, and failed to complete a drug offender education program. (II CR 16). At the conclusion of the hearing on the merits, the trial court found that allegations One, Nine, and Ten had been proved by a preponderance of the evidence. (II CR 97). The trial court sentenced Mr. Scott to eighteen months state jail. (III CR 28-30; 2 RR 97; III RR 29). The trial court's Certification of Defendant's Right of Appeal was filed February 17, 2016, noting this is not a plea bargained case, and the defendant has the right of appeal. (III CR 32). The

1

judgment of Adjudication of Guilt was filed March 9, 2016. (RR 28). Notice of Appeal was filed March 16, 2016. (RR 33). Mr. Scott seeks a reversal of the findings of true and the punishment assessed.

## ISSUES PRESENTED

### ISSUE ONE

Whether Due Process of Law requires proof of a violation of a condition of community supervision to be beyond a reasonable doubt rather than by a preponderance of the evidence.

### ISSUE TWO

Whether the trial court abused its discretion by revoking Mr. Scott's probation.

## STATEMENT OF FACTS

Mr. Scott was placed on deferred adjudication probation for a period of four years for the offense of Possession of a Controlled Substance under Section 481.115, Health and Safety Code. (RR at 8). The State filed a motion to adjudicate after Mr. Scott was alleged to have possessed a controlled substance in Merkel, Taylor County, Texas on September 1, 2015. (II CR at 28-29; RR at 24-32). The State's Motion to Adjudicate alleged that Appellant, Freddie Lee Scott, violated various conditions of community supervision as follows: 1. "on or about the 1st day of September, 2015 in the County of Taylor and State of Texas, did then and there commit the offense of Possession of Controlled Substance." 9. "failed to complete Community Service Restitution as ordered." 10. "failed to attend, participate and complete the Drug Offender Education Program." Conditions two through eight were various monetary obligations. (RR at 9).

At trial, Mr. Scott pled Not True to allegation One, the alleged new drug offense. (II RR at 15). Sergeant Christopher Ortiz of the Merkel Police Department testified about this allegation, stating that he was conducting surveillance on another household when he observed Mr. Scott get in a gold Tundra vehicle. (II RR at 26-27). Sergeant Ortiz ran Mr. Scott's driver's license number and determined he was not eligible to be driving, (II RR at 28). Sergeant Ortiz stopped Mr. Scott in his vehicle and noticed he was extremely nervous,

4

which Sergeant Ortiz equated with being under the influence of methamphetamine. Sergeant Ortiz asked for permission to search Mr. Scott's vehicle which he initially denied, and a canine unit was called. (II RR at 30-31). The canine officer, Deputy Cooley, did not testify at the hearing, rather Sergeant Ortiz testified about what Deputy Cooley *told him* about a positive canine alert on Mr. Scott's vehicle. (II RR at 32). There was no objection at trial to Sergeant Ortiz' hearsay testimony. Sergeant Ortiz did not see the dog alert on Mr. Scott's vehicle (II RR at 41). Sergeant Ortiz watched Deputy Cooley recover a clear baggie with white crystal-like substance from under the driver's side floor mat (II RR at 34). Charges from this incident were pending and unindicted at the time of the adjudication hearing (II RR at 20, 44, 92).

Mr. Scott pled Not True to state's allegations Two through Eight, the financial obligations. (II RR at 15). He pled True to allegations Nine and Ten, failure to complete community service and failure to complete a drug offender education class. (II RR at 16). The trial court found, by a preponderance of the evidence, that the State had proved allegations One, Nine, and Ten against Mr. Scott. (II RR at 97-98).

## SUMMARY OF THE ARGUMENT

In probation revocation proceedings, Due Process of Law has been held to require the appointment of an attorney, notice of allegations against a person, a neutral magistrate, the opportunity to be heard, the right of confrontation, and the right against self-incrimination. The law no longer treats adjudication proceedings as administrative matters, but now rightly as criminal proceedings. Therefore, the laws and rules established to govern judicial proceedings apply equally to revocation hearings. Due Process of law should then require proof beyond a reasonable doubt in a community service revocation proceeding.

Case law broadly supports the notion that proof of one allegation will support a revocation, and allegations that Mr. Scott failed to complete community service and a drug offender education class were indeed proven through Mr. Scott's admissions. However, this case law should be distinguished. It is impossible to determine, had the trial court considered only these allegations, whether Mr. Scott would have still been revoked and sentenced to eighteen months state jail. Due Process and Due Course of Law require this case be reversed and remanded to the trial court for a new determination based on the findings of true to only these allegations.

6

## ARGUMENT AND AUTHORITIES

## ISSUE ONE (RESTATED)

*Whether Due Process of Law requires proof of a violation of a condition of community supervision to be beyond a reasonable doubt rather than by a preponderance of the evidence.* .

The level of proof constitutionally required to revoke community supervision should be re-examined. No longer is a revocation hearing deemed an "administrative hearing" –it is appropriately considered a judicial proceeding to be administered by the rules established to govern judicial proceedings. The higher standards of judicial proceedings require a greater burden of proof than a preponderance of the evidence in a revocation hearing.

*Gagnon v. Scarpelli*, 411 U.S. 778 (1973) applied the measure of Due Process of Law to probation revocations. *Fariss v. Tipps*, 463 S.W.2d 176 (1971) held that a probation revocation proceeding was a "criminal prosecution" under Texas' constitution. In Texas, the necessity of the application of Due Process to probation revocation proceedings was recognized in *Campbell v. State*, 456 S.W.2d 918 (Tex.Crim.App. 1970), holding the substantial rights of the accused may be affected.

*Crawford v. State*, 435 S.W.2d 148 (Tex.Crim.App. 1970) held that revocation proceedings "cannot be isolated from the context of the criminal

7

process". More recently, *Ex Parte Doan*, 369 S.W. 205 (Tex.Crim.App.2012) found the characterization of a probation revocation hearing as an administrative proceeding as inaccurate, and this classification was "officially abandoned." *Id.* at 305. Community supervision revocation hearings are to be governed by the laws for judicial proceedings. *Id.*

The Confrontation Clause of the Sixth Amendment of the United States Constitution provides "in all criminal prosecutions, the accused shall enjoy the right…to be confronted with witnesses against him." U.S. CONST. AMEND. VI. The admission into evidence of out-of-court statements that are "testimonial" in nature violates the Confrontation Clause. *Crawford v. Washington*, 541 U.S. 36, 51-52 (2004). Furthermore, Texas law has long established hearsay evidence is not admissible in a community service revocation hearing. *Johnson v. State*, 498 S.W.2d 198, 200 (Tex.Crim.App. 1973). In *Johnson*, the Court found unobjected-to hearsay inadmissible, and presumed that the trial court had disregarded the inadmissible evidence and ruled on other grounds. *Fernandez v. State*, 805 S.W.2d 451, 456 (Tex.Crim.App.1991) found that unobjected-to hearsay has probative value, and must be considered along with the rest of the evidence admitted at trial.

In the case at hand, it was alleged that on or about the 1st day of September, 2015, Mr. Scott "did then and there commit the offense of Possession of Controlled Substance." However, the officer testifying did not have first-hand knowledge of

8

the canine search of Mr. Scott's vehicle. The canine officer, Deputy Cooley, did not testify at the hearing, rather Sergeant Ortiz testified about what Deputy Cooley *told him* about a positive canine alert on Mr. Scott's vehicle. (2 RR 32). At trial, there was no hearsay or confrontation objection to this testimony. Due Process requires the right of confrontation in revocation hearings. With the failure of Deputy Cooley to appear and testify, Mr. Scott was unable to confront him about the canine search. Sergeant Ortiz' testimony, as unobjected-to hearsay, is therefore to be either disregarded, or accorded probative value to be considered along with any remaining evidence of the canine search. However, there is no other evidence of a positive canine alert on Mr. Scott's vehicle. Even acknowledging this hearsay testimony may have probative value, it must be considered along with the rest of the evidence admitted at trial. Critically, here, there is no additional evidence of the canine search, either through exhibit or testimonial evidence. Without proof of the results of the canine search from any source other than hearsay, a finding of True to allegation One cannot be proven by any standard, particularly beyond a reasonable doubt, and is a violation of Due Process of Law.

Due Process of Law requires more proof than a preponderance of the evidence for a person to be incarcerated. Due Process requires constitutional safeguards, including the right of confrontation, and that the State's allegations are proven beyond a reasonable doubt. Without other evidence, hearsay testimony,

either disregarded or accorded some probative value, does not provide proof beyond a reasonable doubt. We would respectfully request the court to reverse and remand this case for a new hearing where the State is required to prove its case against Freddie Lee Scott in accordance with Due Process of Law and beyond a reasonable doubt.

## ARGUMENT AND AUTHORITIES
### ISSUE TWO

*Whether the trial court abused its discretion by revoking Mr. Scott's probation.*

Should the Court disagree with our argument in Issue One that Due Process of Law requires allegations of violations of community supervision be proven beyond a reasonable doubt, alternatively this matter should be remanded to the trial court for a rehearing on punishment, as the evidence presented at trial was insufficient even under a preponderance standard. *Cardona v. State* 665 S.W.2d 492 (Tex.Crim.App. 1984) established the standard as abuse of discretion. As the trial court's finding that Mr. Scott possessed a controlled substance was not supported by a preponderance of the evidence, the revocation of his probation for failing to complete community service and drug offender education was an abuse of discretion. We acknowledge that generally "proof as to any one" of the alleged

10

violations is sufficient to support a trial court's decision to revoke community supervision. *Moore v. State*, 605 S.W.2d 924 (Tex.Crim.App. 1980). However, we will establish why this premise should not be followed in this case, and why the revocation of Mr. Scott's probation was an abuse of discretion.

In 1970, *Campbell v. State*, 456 S.W.2d 918 (Tex.Crim.App. 1970) established that Due Process and Due Course of Law is fully applicable to probation revocation proceedings. As shown under Issue One and adopted fully herein for all purposes, the evidence was insufficient to support the trial court's finding that the allegation that Mr. Scott possessed a controlled substance was true. Therefore, only the allegation that he failed to complete community service and a drug offender education program remain. It cannot be determined that had the trial court only found these two allegations true, Mr. Scott would still have been sentenced to eighteen of a possible twenty four month sentence. The trial court could have chosen an alternative to imprisonment had only the allegations about the community service and a drug offender education program been true. We ask the Court to find the evidence insufficient to support the finding that allegation one was true, and remand the case to the trial court for a new disposition hearing based on the allegations that failure to complete community service and a drug offender education program are true. The allegation of possession of controlled substance was not proven by a preponderance of the evidence. For this reason, the trial court

11

abused its discretion in finding this allegation true and revoking Mr. Scott's probation. Therefore, Due Process and Due Course of Law require this case be reversed and remanded to the trial court for its reconsideration and an appropriate determination based on findings of true that Mr. Scott failed to complete community service and a drug offender education program.

PRAYER

***WHEREFORE, PREMISES CONSIDERED,*** Appellant respectfully prays that the Court reverse and remand for a new hearing in which the State must prove its allegations beyond a reasonable doubt, or, alternatively, remand to the trial court for a new disposition hearing based on a finding that only allegations nine and ten are true.

Respectfully submitted,

/s/ Emily Miller

Emily Miller
Woodley and Dudley, Lawyers
707 Center Avenue
Brownwood, Texas 76801
Telephone: (325) 646-7685
Facsimile: (325) 646-7688
Email: emily@woodleydudley.net

ATTORNEY FOR APPELLANT
FREDDIE LEE SCOTT

12

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing APPELLANT'S

BRIEF, was delivered via electronic and personal service to:

> The Honorable Micheal Murray
> 35th Judicial District Attorney,
> Brown and Mills Counties
> 200 South Broadway Street
> Brownwood, Texas 76801

On this day, Thursday, September 15, 2016

> /s/ Emily Miller

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P.

9.4€ because it has been prepared in a conventional typeface no smaller than 14-

point for text and 12-point for footnotes. This document also complies with the

word-count limitations of Tex. R. App. P. 9.4(i) because it contains 2, 755 words,

excluding any parts exempted by Tex. R. App. P. (i)(1)

> /s/ Emily Miller